## Alonzo Cleveland v. The State.

### No. 204.    Decided December 1, 1909.

**1.—Theft of Mules—Charge of Court—Reasonable Doubt.**

Where, upon trial for theft of mules, the court sufficiently applied the reasonable doubt to the facts in his charge to the jury, there was no error.

**2.—Same—Charge of Court—Recent Possession.**

Where, upon trial for theft of mules, the defendant gave no explanation of

his possession of the alleged property until the time of trial, no charge on recent possession was necessary, and there was no error in refusing such a charge.

### 3.—Same—Charge of Court.

Upon trial for theft of mules, there was no error in the court's failure to single out certain exculpatory testimony as to why defendant had not made an application for a subpœna for a certain witness.

### 4.—Same—Argument of Counsel.

Where, upon appeal from a conviction of theft of mules, there appeared no bill of exceptions to the argument of counsel complained of, the same could not be considered.

### 5.—Same—Evidence—Bill of Exceptions.

Where, upon appeal, there appeared no bill of exceptions to the refusal of the court to allow appellant to introduce certain testimony why one of his witnesses was indicted in said court, there was no error.

Appeal from the District Court of Tom Green. Tried below before the Hon. J. W. Timmins.

Appeal from a conviction of theft of mules; penalty, two years imprisonment in the penitentiary.

The State's testimony showed that the prosecutor purchased the alleged mules from defendant's brother, and that the defendant was present at the time; that this transaction took place in Andrews County where the prosecutor lived, and that he placed the mules in a pasture nearby, after keeping them a while where he was at work; that some two or three months thereafter he missed the mules, and that afterwards one of the mules was recovered in Tom Green County and the other at Ballinger.

It was agreed by counsel in the statement of facts that the defendant had the mules described in the indictment in Tom Green County, and that the defendant claimed to own the mules, and that this was on or about the date alleged in the indictment.

The defendant claimed that he traded a pair of horses for the mules. He also introduced testimony that some other person than defendant had been seen in possession of a span of mules answering the description of the alleged stolen mules. Other facts appear in the opinion.

*Lee Upton* and *Taylor & Frink,* for appellant.—On question of reasonable doubt: Thomas v. State, 40 Texas, 36; Priesmuth v. State, 1 Texas Crim. App., 480; Hutto v. State, 7 Texas Crim. App., 44. On question of court's failure to charge jury on recent possession, etc.; Smith v. State, 7 Texas Crim. App., 382; Wheeler v. State, 34 Texas Crim. Rep., 350.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of theft of mules, and his punishment assessed at two years confinement in the penitentiary.

1.   The first ground of the motion for a new trial complains the court erred in the following charge: "You are further instructed that if you find from the evidence that the defendant traded for said mules, or have a reasonable doubt as to whether he did or not, you will acquit the defendant." The objection to this is that same is not the law, and entirely ignores the defendant's right to have charged in this connection the reasonable doubt accorded him by law in this cause, in connection with this particular set of facts, as pertaining to his having traded for said mules. Appellant's objection is without merit. The court does tell the jury that if they believe appellant traded for the mules or have a reasonable doubt as to whether he traded for them, they would find him not guilty.

Appellant further insists the court should have, in connection with said charge, instructed the jury even though they found from the evidence and believed that Dodson had stolen the mules from J. T. Smith, or from some one holding the same for him, yet if appellant had no connection with the original taking, he would not be guilty of the offense of theft of said mules. The charge given clearly covered this complaint of appellant. Appellant swore that he traded a pair of horses for the mules to a man named Dodson; that he knew not where he was or whither he went. Now, the court tells the jury if they believe he traded for the mules and thereby secured same from Dodson, or if they had a reasonable doubt of it, they would find him not guilty. This clearly covered the issue raised by appellant's testimony.

2.   The second ground of appellant's motion for a new trial complains the court erred in refusing to give in charge to the jury appellant's requested instruction upon the recent possession of stolen property. This charge embodies the law as laid down in Wheeler v. State, 34 Texas Crim. Rep., 350. This issue was not presented by the evidence in this case. Appellant offered no explanation of his possession until the trial, then he swore he bought the mules from Dodson.

3.   Appellant further asked the court to charge, as follows: "You are charged that if the defendant did not make an application for subpoena for Dodson, that fact can not be used against him as a circumstance in this case, or for any purpose, and you will not consider that fact, if it is a fact, in rendering your verdict." The court committed no error in refusing this charge. This was a fact testified to by appellant, and could be properly considered by the jury in passing upon the bona fide contention that he was the innocent possessor of said property.

4.   Appellant complains of the argument of the district attorney, but there is no bill of exceptions reserved to same, and this question can not be reviewed. Nor is there any bill of exceptions to the refusal of the court to allow appellant to prove by his main witness Frank

Sanderson why he was indicted in Glasscock County, Texas, for the theft of a bull.

The charge of the court is correct, charging on alibi, circumstantial evidence and every other phase of the law suggested by the evidence.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*