## Will Spencer v. The State.

### No. 902.   Decided January 25, 1911.

**1.—Burglary—Circumstantial Evidence—Charge of Court.**

Where, upon trial of burglary, the evidence was circumstantial and the court submitted a proper charge thereon, and the evidence sustained the conviction there was no error.

**2.—Same—Evidence—Bills of Exception.**

Where, upon appeal from a conviction of burglary, the bills of exception were not sufficiently definite to point out the supposed error in the admission of testimony with reference to the introduction of the train dispatcher's record of the movement of trains, the declaration of defendant on the night of the burglary, the checking of the trunk in which the stolen goods were found, etc., the same could not be considered; besides, all these circumstances were material and admissible in evidence.

**3.—Same—Charge of Court—Possession of Recently Stolen Property.**

Where, upon trial of burglary, the defendant gave no explanation of his possession of the alleged stolen property, there was no error in the court's failure to charge on possession of property recently stolen.

**4.—Same—Charge of Court—Alibi.**

Where, upon trial of burglary, the defendant's testimony tended to prove an alibi, and the court's charge submitted this issue in a proper manner, there was no error.

Appeal from the District Court of Kaufman.   Tried below before the Honorable F. L. Hawkins.

Appeal from a conviction of burglary; penalty, four years imprisonment in the penitentiary.

The State's testimony substantially showed that the alleged burglary occurred on Saturday night, April 17, 1909, in the city of Terrell; that the doors of the store were forced and the glass in them broken out, and that some one had entered the store and disarranged things therein; that a lot of goods were taken from the store which were afterwards recovered in a trunk and identified; that defendant and his co-defendant were seen together on said Saturday evening leaving Dallas for Terrell on an evening train; that defendant's codefendant was seen in said store early on said Saturday night before the same was closed for the night, and that he was handling some of the goods as if he intended to select him a suit; that defendant was also seen in Terrell about that time; that defendant's mother checked a trunk from Terrell to Dallas on that Saturday night or early Sunday morning, which answered the description of the trunk which was afterwards found and which contained the alleged stolen goods; that defendant and his co-defendant returned to Dallas late on Saturday night or early Sunday morning; that defendant had the check for a trunk that Sunday morning which he handed to a baggageman, telling him that he would direct him later; that defendant's co-defendant directed the trunk to be taken to a certain house in Dallas where it was afterwards found containing the alleged stolen goods; that they were both

seen at said house where the trunk was taken; that defendant on reaching his lodging house late that Saturday night remarked that he would have enough money in the morning, that they had the goods; that the train sheets were introduced in evidence showing the movements of trains between Dallas and Terrell, etc.

Defendant set up an alibi which he supported by testimony that he and his co-defendant were in Dallas all the night of the burglary. He also sought to impeach the testimony of the State's witness, etc. Defendant demurred to the sufficiency of the evidence, which demurrer the court overruled.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.—(Mr. Mobley was Assistant Attorney-General at the time this case was submitted, and filed a brief citing cases in opinion.)

HARPER, JUDGE.—In this case appellant was charged with burglary, tried and convicted in the District Court of Kaufman County, Texas.

1. In appellant's first assignment complaint is made that the circumstances did not with the certainty required by law connect the appellant with the alleged burglary. The court, in the ninth paragraph of his charge, gave a very full, complete and satisfactory charge on circumstantial evidence, and the jury finds against appellant's contention, and from a careful reading of the statement of facts, we think, properly so.

2. By bill of exception No. 2 appellant complains of the admission of the train dispatcher's record of the movement of trains. By bill of exception No. 3 appellant complains that testimony was admitted showing that appellant's mother checked a trunk from Terrell to Dallas the morning after the burglary. By bill of exception No. 6 appellant complains of the admissibility of certain statements made by appellant and Harry Holland the night of the burglary. By bill of exception No. 7 complaint is made of testimony showing the speed of freight trains in passing through Terrell, and by bill of exception No. 8 objection is made to permitting the baggagemaster at Terrell to testify that he checked the trunk for the mother of appellant, and that the trunk in which the stolen goods were found resembled that trunk; that it was an old zinc trunk, with an old rope around it. As the court instructed the jury, this was a case of circumstantial evidence. Appellant, by the State's testimony, was shown to have been in Terrell the night of the burglary; it was also testified that he was in Dallas that night between 3 a. m. and 6 a. m.; that it was only thirty miles from Terrell to Dallas, and it became material whether trains passed Terrell going to Dallas between 10 o'clock at night and the hour appellant was seen in Dallas. The State's testimony also showed that

appellant met his mother at the train next morning and took charge of the trunk that she had had checked in Terrell, and the stolen goods were found in this trunk. Taken in the light of all the testimony, we think all these circumstances were material and admissible in evidence. But even if it was not true, none of these bills are in such shape· that we could properly consider them. Our court has uniformly ·held: "The allegations of a bill of exceptions should be full and explicit, so that the matters presented to the court on appeal for revision may be comprehensible without recourse to inference. Eldridge v. State, 12 Texas Crim. App., 208; McGlasson v. State, 38 Texas Crim. Rep., 351. They should be so explicit as to enable the court on appeal to fully understand the facts upon which the correctness or the error of the ruling depends; otherwise they will not be considered." Livar v. State, 26 Texas Crim. App., 115; Walker v. State, 19 Texas Crim. App., 176; Hennessy v. State, 23 Texas Crim. App., 340. A bill of exceptions must set out the proceedings in the court below sufficiently to enable the court on appeal to know that an error has been committed. Thompson v. State, 29 Texas Crim. App., 208. It must be so full in its statements that in and of itself it will disclose all that is necessary to manifest the supposed error. Tweedle v. State, 29 Texas Crim. App., 586, and see Quintana v. State, 29 Texas Crim. App., 401, and Hooper v. State, 29 Texas Crim. App., 614; Wilkerson v. State, 31 Texas Crim. Rep., 86. Bills must state enough of the evidence of facts proved to render intelligible the ruling excepted to. ·Ballinger v. State, 11 Texas Crim. App., 323. A bill of exception can not be aided by statements in reply to a motion for new trial nor by the statement of facts. McGlasson v. State, supra, 38 Texas Crim. Rep., 351; Howerton v. State, 43 S. W. Rep., 1018. The bills do not comply with these requirements.

3. Appellant also complains of the failure of the court to charge on possession of recently stolen property. Appellant gave no explanation of his possession of the goods, nor did any other witness, and under the facts of this case the same was not necessary. Cleveland v. State, 57 Texas Crim. Rep., 356. The court gave an uncriticised charge on circumstantial evidence. Recent possession is a mere circumstance to. be considered by the jury in connection with the other facts and circumstances in the case, and the jury should not be otherwise instructed. Thomas v. State, 43 Texas Crim. Rep., 20; McCoy v. State, 44 Texas, 616; Watkins v. State, 2 Texas Crim. App., 73; Allen v. State, 4 Texas Crim. App., 581; Williams v. State, 11 Texas Crim. App., 275. Where the evidence showed that defendant neither gave nor attempted to give any explanation of his possession of recently stolen property, it was proper and right that the court should refuse to charge with reference to that subject. Baldwin v. State, 31 Texas Crim. Rep., 589; Bennett v. State, 32 Texas Crim. Rep., 216.

4. The court's charge is not subject to the criticism contained in the fourth and ninth paragraphs of the motion for a new trial. The

defendant's testimony tended to prove that he was at another and different place, and not at Terrell the night of the burglary. The court's charge presents this in a proper manner, and in this paragraph covers the matter complained of in the ninth assignment.

Finding no error in the record the judgment is affirmed.

*Affirmed.*