## DAVE LEWIS v. THE STATE.

No. 2888. Decided January 7, 1914.

**1.—Burglary—Charge of Court—Bills of Exception.**

Where the bills of exception are not approved by the judge, they can not be considered, but inasmuch as the objections were to the charge of the court and contained in the motion for new trial, they will be considered.

**2.—Same—House—Show Window.**

Where, upon trial of burglary, the evidence showed that the show case or show window which was burglarized was made into and was a part of the house, the same constituted it a part of the house.

**3.—Same—Sufficiency of the Evidence—Ownership—Possession.**

Ownership and possession may be alleged in either of the joint owners, and where the evidence showed that the party alleged as owner owned the alleged house with his brother; that he was in and about the house and was in possession as one of the joint owners, the conviction was sustained, although the evidence did not show exclusive possession in the alleged owner.

**4.—Same—Night-time Burglary.**

Where, upon trial of a night-time burglary, the evidence showed that the burglary was committed in the night-time, the conviction was sustained.

**5.—Same—Possession of Property Recently Stolen.**

Where, upon trial of burglary, the evidence showed that the defendant and another acted together in the commission of the offense, it would be immaterial whether defendant was found in possession of the grip in which the alleged stolen goods were contained.

**6.—Same—Charge of Court—Entry—Theft.**

Where, upon trial of burglary, the court's charge on entry and the crime of theft were proper and not on the weight of the evidence, there was no reversible error.

7.—Same—Principals—Charge of Court.

> Where, upon trial of burglary, the evidence showed that defendant and another acted together in the commission of the offense, the court properly submitted the law of principals.

Appeal from the District Court of Nueces. Tried below before the Hon. W. B. Hopkins.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Dawson & Ward* and *Atkinson, Graham & Atkinson,* for appellant.— On question of sufficiency of the evidence: Leonard v. State, 57 Texas Crim. Rep., 254, 122 S. W. Rep., 549.

On question that show case is not a house: Clark v. State, 56 Texas Crim. Rep., 494, 120 S. W. Rep., 892.

*C. E. Lane,* Assistant Attorney General, for the State.—On question of ownership: Phillips v. State, 17 Texas Crim. App., 169; Atterberry v. State, 19 id., 401; Clark v. State, 26 id., 486; Aldrich v. State, 29 id., 394.

On question of principals: Gant v. State, 49 Texas Crim. Rep., 493.

DAVIDSON, Judge.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

There are no bills of exception in the record. The matters are presented in the motion for new trial. There is in the record what appellant styles his exceptions to the charge, but these exceptions are not approved by the judge, therefore, they are considered as grounds of the motion for a new trial.

It is contended the evidence does not show that the burglary was committed by breaking a house. The facts show that a show case or show window was broken and from it was taken a lot of shoes. The evidence shows that this show case or show window was made into and was a part of the house. We think this is sufficient to constitute it a part of the house.

There are several matters presented, viewed in different lights, from which it is contended the evidence is not sufficient to support the conviction. First, that the ownership is not properly alleged in S. J. Lichtenstein. We think this shows no merit, for the statute provides that ownership and possession may be alleged in either of the owners. In this particular case S. J. Lichtenstein seems to have been the head of the firm. Any way, the evidence shows that it belonged to him and his brother, and that he was in and about the house, and was not absent from the county or State, and was in possession as one of the joint owners. The evidence does not show the possession to be exclusively in the alleged owner, but it does show that he was actively about the house and one of the owners of it, it being a mercantile establishment.

Second, it is contended the evidence does not support the conviction in that it does not show the house was broken. Enough has been said above with reference to this matter. Third, it is urged the evidence does not show a night-time burglary. We think there is no merit in this contention. The defendant and Williams, his supposed confederate, were seen in Corpus Christi on the evening before the burglary at night. It is shown that the house was closed at the usual hour of closing business, and the show case had not then been broken or entered. The next morning early when parties went to the store for the purpose of opening, it had been broken, and early that morning appellant and Williams were found seventy-five miles from there at Skidmore in possession of a lot of shoes which came out of this show case. The circumstances, we think, exclude every reasonable hypothesis that the house was broken in the daytime, and shows beyond any reasonable doubt and excludes every doubt of the fact that it was broken in the night-time. Fourth, it is contended the evidence is not sufficient to show possession in appellant, or criminate him with possession of the goods taken from the house. Appellant and Williams had been seen about the streets of Corpus Christi, and were together on the evening prior to the burglary that night; they were together and strangers in town; they were found together early the following morning in a box car at Skidmore something like seventy-five miles from Corpus Christi, in Bee County; there was a grip found that seems to have been the property of Williams, in which appellant had one or more articles, and in which the shoes were found. Taking all the facts and circumstances together, we are of opinion the evidence shows they were together and acting together, and that the mere fact that the shoes were in the grip belonging to Williams is not sufficient to show that appellant was not a particeps criminis in the burglary, and it would make no difference if the shoes were in Williams' grip, if they acted together in the burglary. The disposition of the shoes or where they were found after the burglary, would not disprove of itself the burglary if all the facts taken together excluded every reasonable hypothesis except the participancy of the parties in the burglary. We think this evidence is sufficient to show that fact.

The court's charge is criticised in that part of it where it defines the term "entry," on the ground that the evidence does not show that the house was broken, or that the house was under the control of or occupied by S. J. Lichtenstein. Enough has been said with reference to this matter already. We are of opinion that the evidence is sufficient to show that the window was a part of the house, being built into its walls, and part of the house itself, and not an independent show case, movable. That part of the charge is also criticised which says: "You are further instructed that the indictment in this case having charged that the burglarious entry was made with the intent to commit the crime of theft," etc., there being no evidence on which to base said charge, or any part of said action. We can not agree with this contention. The house was broken and shoes taken. This clearly shows the breaking was

for the purpose of committing the crime of theft. That part of the charge is also criticised which reads as follows: "Now, bearing in mind. the foregoing definition, if you believe from the evidence that the defendant with another, on or about the 14th day of April, 1913, as alleged, by force did enter the house of S. J. Lichtenstein as charged in the indictment, with the intent to commit the crime of theft, you will find him guilty of burglary," because there is no evidence justifying said charge, that is to say, there is no evidence to establish the fact that defendant was connected with the alleged burglary, nor that he acted with or in any way participated in the said burglary with any one; and the said charge is on the weight of the evidence. We do not believe it is a charge on the weight of evidence. The jury was instructed if they believed from the evidence that defendant with another entered the house, etc. This puts the matter to the jury in a way if they could find from the evidence that appellant and another party entered the house and took the goods, appellant would be guilty. We think this is the correct way of placing the matter in the charge. We are of opinion further that the criticism that there was no evidence to establish the fact that defendant was connected with the alleged burglary, or that he acted with or participated in the burglary, is not well taken. It is a case of circumstantial evidence. The two parties were seen together around the streets of Corpus Christi; they disappeared on the same train, or at least were found the next morning after the burglary together seventy-five miles distant and in possession of the stolen property. The three exceptions to the charge are based upon the idea and proposition that the charge was wrong in that it authorized the jury to find appellant guilty, if the property was that of S. J. Lichtenstein, and was taken without his consent and from his premises, which, in effect, it is contended it is shown by the evidence the property did not belong to Lichtenstein exclusively, nor is it shown by the evidence that his house was entered. We think these matters have been sufficiently mentioned without requiring further discussion.

The last exception is found in the criticism of the court's charge because he charges on the law of principals, the contention being there is no evidence to connect the defendant with the crime, nor to show that he participated with another. This has been, we think, sufficiently discussed. It is true, this is a case of circumstantial evidence, but the facts and circumstances are sufficient to justify the jury in finding the parties acted together, and are sufficient to justify the court in giving the law of principals in charge to the jury.

We are of the opinion there is no reversible error in this record, and the judgment is affirmed.

*Affirmed.*