### KYLE HAMILTON v. THE STATE.

No. 3556.   Decided May 19, 1915.

Rehearing denied June 16, 1915.

**1.—Burglary—Charge of Court—Bill of Exceptions.**

In the absence of a bill of exceptions to the charge of the court. the matter can not be reviewed on appeal.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence was sufficient to sustain the conviction, there was no reversible error. See opinion for facts held sufficient to sustain a conviction for burglary.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. J. Schnitzel* and *V. M. Clark,* for appellant.—On question of filing statement of facts with bill of exceptions: Maxwell v. State, 69 Texas Crim. Rep., 248, 153 S. W. Rep., 324.

On question of insufficiency of evidence: Love v. State, 58 Texas Crim. Rep., 270, 124 S. W. Rep., 932; Leonard v. State, 57 Texas Crim. Rep., 254, 122 S. W. Rep., 549.

*C. C. McDonald,* Assistant Attorney-General, for the State

HARPER, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the State penitentiary.

There are no bills of exception in the record, and no exception was reserved to the charge of the court as given, consequently the only question we can review is, will the testimony sustain a conviction?

R. T. Mayes testifies to the loss of an electric fan; that it was taken without his consent, and the facts show that whoever took it is guilty of burglary. The facts relied on by the State to show that appellant

took it are, that on the day of the loss of the fan appellant stopped and talked to Mr. Mayes, and could have and doubtless did see the fan. This was about 5 o'clock in the afternoon, and the fan was stolen between dark and 12 o'clock that night. Mayes says he had scratched his initials, R. T. M., on the blade of his fan with a knife. That the fan the officers recovered looks like the same size fan; that there was an "R" on the blade; that the next letter looked like a "T" scratched over, and there was an "M" on the fan. And said, considering the letters found on the fan, its shape and size, etc., in his best judgment it was the fan he lost. The officer testified to getting the fan at a fancy house in Galveston, appellant being present when he got the fan introduced in evidence, and the evidence would authorize a finding that appellant had carried the fan to this house.

Appellant does not explain where he got the fan he carried to the woman's house, if he carried it there, contending he did not do so, but says the fan the officers got from the house was not in the condition of the fan introduced in evidence, saying, "It has not got the same appearance now it had when the officer got it; it was shiny and a new-looking fan, and the blades were brass and polished, and not a scratch or blemish on the thing, and did not have a mark on it."

We are of the opinion the evidence authorized a conviction, and the trial court did not err in so holding.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 16, 1915.—Reporter.]