## JAMES A. ROWLETT v. THE STATE.

### No. 3859. Decided December 8, 1915.

**1.—Burglary—Election by State—Different Counts in Indictment.**

Where, upon trial of burglary, the indictment contained two counts charging the same transaction, the first alleging an ordinary burglary and, the second, night-time burglary of a private residence, and the court submitted only the first count, this was an election by the State, and being to the advantage of defendant he could not complain. Following Hopkins v. State, 61 Texas Crim. Rep., 590.

**2.—Same—Practice in District Court—Charge of Court.**

Where, upon trial of burglary, the indictment charged an ordinary burglary and also a burglary of a private residence, and the court only submitted the first count, and no objection was made to the charge of the court before the case went to the jury, and the testimony would have warranted the court to submit both counts, defendant has no just grounds of complaint.

**3.—Same—Daytime Burglary—Private Residence.**

The burglary of a private residence in the daytime is on the same basis as an ordinary burglary, and hence there is nothing in appellant's motion for new trial or his bill of exceptions that would warrant a reversal on this account.

**4.—Same—Charge of Court—Instructed Verdict—Bill of Exceptions.**

Where the bill of exceptions pointed out no error to the overruling of his motion for new trial and to the refusal to order an instructed verdict, the same presents nothing for review.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence was sufficient to sustain the conviction under a proper charge of the court, there was no reversible error.

**6.—Same—Rule Stated—Recent Possession.**

The rule in this State is: In a case of burglary if the State proves that a burglary as alleged was committed by someone, and based on proof that the

defendant was found in possession of property recently stolen from the burglarized house, the jury have found him guilty of the burglary and that finding has been approved by the trial judge, the conviction is sustained on appeal, unless clearly wrong. Following Payne v. State, 21 Texas Crim. App., 184, and other cases.

### 7.—Same—Evidence—Identity of Defendant.

This court knows no rule of law requiring the trial court to have defendant placed among other men for identification, and in the absence of a showing that the trial court abused his discretion, there is no reversible error.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for the appellant.

*C. C. McDonald*, Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was indicted for burglary under the name of Tom Jones, and on the trial suggested his true name as James A. Rowlett, and at his suggestion his name in the indictment was so changed, and the trial resulted in a verdict of guilty, assessing his punishment at three years in the penitentiary, and from the judgment thereon he appeals.

The indictment contained two counts charging the same transaction, the first being for an ordinary burglary, alleging that the accused "did break and enter" a house, and the second count charging a night-time burglary of a private residence. The court gave appellant the benefit of the doubt under the testimony and submitted only the first count, and under the well-settled holdings of this court, this was tantamount to an election by the State, and as said in Hopkins v. State, 61 Texas Crim. Rep., 590, this was to the advantage of the accused. The testimony was doubtful as to when the house was burglarized, whether in the daytime or at night; the alleged owner not being present when the property was missed and his wife having missed the property for the first time between 8 and 9 o'clock, possibly a little before 8 in the morning. It is true that it appears that the testimony also would have warranted the court in submitting both counts to the jury, but no objection was made to the charge before the case went to the jury, and as there was testimony to support the count submitted and that count was favorable to the accused, he has no just ground of complaint. Perhaps the only difference in the result had the court submitted both counts would have been to cause the appellant to receive a more severe punishment. The burglary of a private residence in the daytime is on the same basis as an ordinary burglary, and hence there is nothing in appellant's motion for new trial or his bill of exceptions that would warrant a reversal on this account. Appellant has a bill of exceptions

taken to the overruling of his motion for new trial and to the refusal to order an instructed verdict. These bills set out no facts, but simply recite that appellant excepted to such action of the court, and, of course, present nothing to review.

Appellant claims that the evidence is insufficient to support the verdict. It is unnecessary to state all the testimony. The proof shows, without controversy, that the house of the alleged injured party was broken and entered and a piece of jewelry known as a la valliere was taken which on the day after was pawned in a pawn-shop in the City of Houston by appellant. The pawnbroker positively identified appellant as the party who pawned the stolen property.

Appellant neither testified nor introduced any testimony. It is well settled by the authorities that, in a case of burglary, if the State proves that a burglary as alleged was committed by someone, and, based on proof that the accused was found in possession of property recently stolen from the burglarized house, the jury have found him guilty of the burglary, and that finding has been approved by the trial judge whose duty it is to set the conviction aside if not satisfied that he is guilty as charged, the judgment will be sustained on appeal unless clearly wrong. Payne v. State, 21 Texas Crim. App., 184, 17 S. W. Rep., 463; Rust v. State, 31 Texas Crim. Rep., 75, 19 S. W. Rep., 763; Roberts v. State, 60 Texas Crim. Rep., 20, 129 S. W. Rep., 611; Spencer v. State, 61 Texas Crim. Rep., 60, 133 S. W. Rep., 1049; Wilson v. State, 158 S. W. Rep., 1114; Powers v. State, 72 Texas Crim. Rep., 290, 162 S. W. Rep., 832; Lewis v. State, 72 Texas Crim. Rep., 377, 162 S. W. Rep., 866; O'Fallin v. State, 75 Texas Crim. Rep., 47, 169 S. W. Rep., 897; Hamilton v. State, 77 Texas Crim. Rep., 143, 177 S. W. Rep., 496.

The only other ground presented by appellant is that the court erred in not having him placed among other men so that the pawnbroker might be required to "pick out the defendant and identify him among other persons." We know of no rule of law requiring this to be done, and in the absence of a showing of an abuse of the sound discretion of the court necessarily confided to him in such matters, the judgment can not be reversed on this account. The pawnbroker was positive in his identification and without any interest in the matter, nor did he display any, and the weight to be given to his testimony was for the jury.

The judgment is affirmed.

*Affirmed.*