## ESPIA VAUGHN V. THE STATE.

### No. 5263. Decided January 29, 1919.

**1.—Burglary—Charge of Court—Explanation—Practice on Appeal.**

Where appellant complained of the court's refusal of his requested charge on reasonable explanation of his possession of the alleged stolen property, the same can not be considered on appeal in the absence of any statement of the grounds upon which he regarded this charge applicable. Following Berg v. State, 64 Texas Crim. Rep., 612, and other cases. Besides, the requested charges given fairly presented his rights under the testimony. Following Cleveland v. State, 57 Texas Crim. Rep., 356, and other cases.

**2.—Same—Identity of Property—Sufficiency of the Evidence.**

Where the burglary was shown without dispute by competent evidence, and the accomplice's testimony connected the defendant with its commission, and the circumstances corroborated this testimony, the evidence was sufficient to support the verdict, although the character of the property stolen was such as to be difficult to identify with certainty.

Appeal from the District Court of Taylor. Tried below before the Hon. Joe Burkett.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Kirby & King* and *H. Rob. Keeble,* for appellant.—On question of insufficiency of the evidence: House v. State, 15 Texas Crim. App., 522; Vails v. State, 59 Texas Crim. Rep., 340; Jones v. State, 59 id., 559; Franklin v. State, 62 id., 433.

On question of corroboration of accomplice: Fair v. State, 72 Texas Crim. Rep., 95, 160 S. W. Rep., 1187; Nowlin v. State, 76 Texas Crim. Rep., 480, 175 S. W. Rep., 1070; Dillard v. State, 77 Texas Crim. Rep., 1, 177 S. W. Rep., 99.

*E. A. Berry,* Assistant Attorney General, for the State.—On question of requested charge without exceptions reserved to the court's charge: Womack v. State, 74 Texas Crim. Rep., 640, 170 S. W. Rep., 139; Jones v. State, 74 Texas Crim. Rep., 205, 167 S. W. Rep., 1110; Berg v. State, 64 Texas Crim. Rep., 612.

On question of motion for new trial in not pointing out error: Berg v. State, supra; Quintina v. State, 29 Texas Crim. App., 401; Smith v. State, 22 id., 316; Williams v. State, 22 id., 497.

MORROW, JUDGE.—The conviction is for burglary. The fact that

a warehouse was broken into and four sacks of oats mixed with wheat stolen was established by the testimony of the owner of the premises.

To connect the appellant with the offense, the State relied on the testimony of an accomplice and on circumstances corroborating him, proved by other witnesses. The accomplice testified that appellant proposed to get the feed out of the warehouse, and that he, the accomplice, declined to go with him but offered to let him have a wagon for the purpose of hauling it. That later, according to agreement, appellant called him and he went with appellant and found that he had two sacks of oats in the wagon, and two other sacks nearby. These two sacks were loaded in the wagon by the accomplice and the appellant, and hauled first to the premises of the accomplice, where two sacks of the oats were left hidden and then driven to the home of appellant, where a like disposition was made of the remainder. The course taken was traced by the sheriff. He identified the horse track by a peculiarity in the foot of the animal, and by the presence of oats and wheat along the route described by the accomplice. The grain found at appellant's house was of the same class and description as that lost, and the testimony was to the effect that the mixture was not usual.

The appellant lived with his stepfather, who testified to appellant's absence from his home on the night of the offense, and that the grain was not on the premises on the evening before the burglary, but was there the morning following it. There was other evidence showing appellant's presence near the burglarized house about 1 o'clock on the night the offense was committed, and that at the time he was in the company of the accomplice, Henry Harper.

The appellant addressed no objections to the charge given by the court, but requested some special instructions, some of which were given and others refused. On the refusal of one of these special charges embracing the law applicable to the effect of a reasonable explanation by one found in possession of property, recently stolen, is made the basis of complaint.

In the absence of any statement of the grounds upon which he regarded this charge applicable, embraced within the exception to the refusal of the charge or the motion for new trial, the matter is not so presented as to demand attention. Bain v. State, 73 Texas Crim. Rep., 528; Goldstein v. State, 73 Texas Crim. Rep., 558; Berg v. State, 64 Texas Crim. Rep., 612. The civil practice relating to complaints of the charge is in chapter 59, Act of the Thirty-third Legislature, and the criminal practice on the subject in chapter 138 of the same Acts. The construction of the former by the Supreme Court in Railway Co. v. Dicky, 187 S. W. Rep., 184, is not in conflict with the rule stated in Berg v. State, 64 Texas Crim. Rep., 612, particularly when the practice relating to assignments of error obtaining in civil matters, and the absence of such practice in criminal matters, is recalled. See Sessions v. State, 81 Texas Crim. Rep., 424. The complaint of appellant is not, in our opinion, well founded even if properly presented.

The appellant made no declaration explanatory of his possession of the oats. The only evidence on the subject of an honest claim to them is found in the testimony of a witness who claims to have loaned appellant $1.50 on his statement that he desired to give it to Henry Harper for some feed. This, as we understand the record, occurred on the night of the offense, but prior to its commission. The special charges given at appellant's request, we think, in connection with the main charge, fairly presented appellant's rights under this testimony. One of the charges given involved the proposition that if they believed appellant was not present and did not take part in breaking into the house, but subsequently received the property, or they had a reasonable doubt as to whether he was present and took part to acquit. And in another they were instructed that they could not convict unless they believed from the evidence beyond a reasonable doubt that appellant did not buy the oats from Harper as testified by the witness Garves. Cleveland v. State, 57 Texas Crim. Rep., 356; Kinkade v. State, 61 Texas Crim. Rep., 651; Baldwin v. State, 31 Texas Crim. Rep., 589; Reed v. State, 46 S. W. Rep., 931; Smotherland v. State, 83 S. W. Rep., 838; Michie's Crim. Digest, Texas Dec., vol. 5, p. 293, also p. 364.

The character of the property stolen is such as to be difficult to identify with such certainty as to justify a conviction resting alone on its possession. Such, however, is not the case presented. The burglary was shown without dispute by competent evidence. The accomplice's testimony connected appellant with its commission and the circumstances corroborating him are sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*