### Sylvester Watts v. The State.

No. 5845.   Decided June 2, 1920.

**1.—Murder—Manslaughter—Argument of Counsel—Husband and Wife.**

Upon trial of murder and a conviction of manslaughter, there was no reversible error in the argument of counsel in referring to the failure of defendant to make proof of certain facts which the evidence suggested were within the knowledge of his wife, defendant claiming insulting conduct by the deceased to his wife. Following Mercer v. State, 17 Texas Crim. App., 467.

**2.—Same—Cross-Examination of Witness—Bill of Exceptions—Presumption.**

In the absence of a sufficient bill of exceptions disclosing the surrounding facts, the cross-examination of defendant's witness may have been entirely germane to the issue, and the court must indulge in the presumption that the trial court did not erroneously sanction the introduction of im-

proper testimony, or permit the prosecuting officer to transgress the rules controlling cross-examination of defendant and his witness. Following Barkman v. State, 41 Texas Crim. Rep., 108, and other cases.

### 3.—Same—Sufficiency of the Evidence.

Where, upon trial of murder and a conviction of manslaughter, the record on appeal showed that no phase of the evidence would have warranted a verdict for a lower degree of homicide, etc., there was no reversible error.

Appeal from the District Court of Augustine. Tried below before the Honorable W. T. Davis, Special Judge.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley.* Assistant Attorney General, for the State.—On question of State's counsel comment on failure of defendant's wife to testify: Gomez v. State, 170 S. W. Rep., 713; Fondren 169 S. W. Rep., 416. Black v. State, 143 S. W. Rep., 932; Battles v. State, 109 S. W. Rep., 195.

MORROW, JUDGE.—Upon indictment for murder, the conviction was for manslaughter, and punishment fixed at confinement in the penitentiary for a period of five years. That the deceased was shot and killed by the appellant is not controverted. A shotgun loaded with buckshot was used, fired at close range, the shots striking deceased on the side of the face. neck, and shoulder. Circumstances unnecessary to relate were relied upon by the State in support of its theory that the appellant lay in wait for the deceased, and shot him from ambush while he was driving his mules hitched to his wagon. The appellant's theory, developed from his evidence. was that, angered by the attentions of the deceased to the wife of appellant. he armed himself, sought a meeting with deceased. and killed him.

The correctness of the court's charge in the selection of the issues. and the manner of their submission. is not called in question. The bill complaining of the failure of the appellant to make proof of certain facts which the evidence suggested were within the knowledge of his wife, discloses no just cause for complaint. The conduct of the deceased toward her was an important and controverted issue in the case. Her testimony upon it was available to the appellant, and not available to the state. The ruling of the trial court was in accord with that announced by this court in Mercer v. State, 17 Texas Crim. App., 467, in which it is said:

"Her knowledge of the facts, whatever that knowledge might be, was at his command, was within his reach, and without he produced it, or consented to its production, it was a sealed book which no human tribunal could open."

Under these circumstances, we think the prosecuting attorney was justified in the remarks complained of. Others cases giving sanction to the rule are collated in Rose's Notes on Texas Reports, vol. 5, p. 431.

The bill complaining of the cross-examination of the appellant's witness, George Martin, to the effect that he also went by the name of George Lewis, fails to disclose error. The surrounding facts are not disclosed, and for all that appears the cross-examination may have been entirely germane to his examination upon behalf of the appellant. The same is true with reference to the witness Lee Lacy and the witness Neely Watts, as well as that taken to the cross-examination of appellant. This court must indulge the presumption that the trial court did not erroneously sanction the introduction of improper testimony, or permit the prosecuting officer to transgress the rules controlling cross-examination of the appellant and his witnesses, and this presumption must prevail in the instant case in the absence of any statement in the bill of the proceedings or attendant circumstances such as will enable the appellate court to know as a certainty that an error was committed. Barkman v. State, 41 Texas Crim. Rep., 108; Thompson v. State, 29 Texas Crim. App., 208: Spencer v. State, 61 Texas Crim. Rep., 62; Eldrige v. State, 12 Texas Crim. App., 208; Cordova v. State, 6 Texas Crim. App., 447. No phase of the evidence would have warranted a verdict for a lower degree of homicide than that which was accorded appellant, and no violation of the rules of procedure is pointed out which would tend to show that the verdict rendered was not that of an impartial jury in a trial fairly and legally conducted.

The judgment is affirmed.

*Affirmed.*