## L. J. Eubank v. The State.

No. 9829. Delivered January 20, 1926.

Rehearing denied April 28, 1926.

Second rehearing denied June 25, 1926.

1.—Sale of Intoxicating Liquor—Evidence—Held Sufficient.

Where appellant was charged under Art. 667 of the 1925 P. C. with the sale of spirituous, vinous and malt liquor containing in excess of one

per cent of alcohol by volume, and the evidence established the sale of beer, which upon analysis was shown to have contained more than five per cent of alcohol, this proof was sufficient. Beer is a malt liquor. See Bouvier's Law Dictionary, Vol. 1, page 334; also Tolar v. State, 260 S. W. 1044.

**2.—Same—Charge of Court—Appellant's Failure to Testify—Properly Presented.**

Where appellant on his trial failed to testify, it was proper for the trial court to charge the jury not to consider such failure in passing upon the case. This has been the practice in this state since the enactment of the statute which permits the accused to testify in his own behalf. See Sec. 377, Branch's Ann. Tex. P. C., par. 4, for authorities.

**3.—Same—Misconduct of Jury—Not Established.**

Where an appellant complains of the discussion of his failure to testify, and of his having been tried before for violation of the liquor laws, and upon the hearing of his motion for a new trial the evidence on this issue disclosed that the jury did not discuss his failure to testify, but that it was merely mentioned casually, and that there was also a casual reference to a former trial, no reversible error is disclosed. The identical question was passed on in the case of Gutierrez v. State, 272 S. W. 780.

ON REHEARING.

**4.—Same—Evidence Sufficient—Gist of Offense.**

On rehearing, appellant earnestly and ably urges that the evidence is not sufficient. Irrespective of what the liquor was called by the witnesses, it was clearly proven that it contained considerably more than one per cent of alcohol. The offense charged was the sale of liquor containing more than one per cent of alcohol by volume. It would be immaterial, where this was the charge, what the liquor sold might be called or named. The test would be the presence of two elements—first, the sale of such liquor; second, the amount of its alcoholic contents by volume. These two elements being proven, the state's case was abundantly made.

**5.—Same—Misconduct of Jury—Discretion of Court—Rule Sated.**

Where the issue of misconduct of the jury is raised in a motion for a new trial, and the evidence heard on the issue is conflicting, the action of the trial court, who is vested with the power of passing upon the matter, will not be disturbed on appeal, unless a clear abuse of his discretion is shown.

APPLICATION TO FILE SECOND MOTION FOR REHEARING.

**6.—Same—No New Question—Motion Refused.**

Where an application is made for permission to file a second motion for rehearing, and no new questions are pointed out, nor errors of a reversible character in the original opinion, or the opinion on rehearing, permission to file a second motion must be denied.

Appeal from the District Court of Ellis County. Tried below before Hon. W. L. Harding, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Tom Whipple* of Waxahachie, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, Judge.—The offense is selling intoxicating liquor, and the punishment is one year in the penitentiary.

The indictment charges that the appellant did unlawfully sell "spirituous, vinous and malt liquor containing in excess of one per cent of alcohol by volume." The state's testimony shows that the prosecuting witness bought eighteen bottles of beer from the appellant and paid him five dollars therefor; that the officers recovered a part of this beer from the purchaser and turned it over to a chemist to be analyzed, and the chemist who analyzed it testified that it contained more than five per cent of alcohol.

The offense charged in the indictment is denounced by Art. 667 of the 1925 P. C. Beer is a malt liquor. Bouvier's Law Dictionary, Vol. 1, page 334; Tolar v. State, 260 S. W. 1044. From the foregoing it follows that in our opinion the appellant's contention that the evidence is insufficient to support the verdict is without merit.

Appellant complains because the court instructed the jury as to the effect of the defendant's failure to testify in his own behalf. The criticism is not leveled at the form of the charge given, but the complaint is at the fact that the court charged on this issue at all. Many authorities will be found under Par. 4, Sec. 377, Branch's Ann. Texas P. C., holding that it is not error for the court to charge on the defendant's failure to testify.

Complaint is made with reference to the misconduct of the jury. Appellant contends that the jury discussed his failure to testify and also referred to the fact that he had once before been tried for violation of the liquor laws. The statement of facts heard on this motion for new trial is preserved in the record. We have carefully examined this statement of facts and have reached the conclusion that the court did not abuse his discretion in refusing a new trial. We think it clear from the testimony of the jurors that they did not discuss his failure to testify, but it was merely casually mentioned and the testimony of each juror negatives the idea that there was any discussion of the matter. The same is true with reference to a former trial of the appellant. The most that the testimony shows is that someone merely mentioned the fact that he had been tried before. The

identical questions raised with reference to the misconduct of the jury were decided adversely to the appellant's contention in the case of Gutierrez v. State, 272 S. W. 780, and on the authority of that case and the case therein cited, appellant's complaint herein is overruled.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges at length in a motion which shows research and investigation of the authorities, that we erred in holding that the testimony made out the state's case. Irrespective of whether the witnesses called the liquor sold by appellant beer, stuff, bottles or what not, it is perfectly plain from the record that a number of bottles of the "stuff" or "beer" sold by appellant were submitted to a chemist and by him analyzed and its alcoholic content found to be considerably more than 1 per cent by volume. As stated in the original opinion, the offense charged was the sale of liquor containing more than 1 per cent of alcohol by volume. It would be immaterial in any case, where this was the charge, what the liquor sold might be called or named. The test would be the presence of two elements, viz.: the sale of such liquor, and the amount of its alcoholic content by volume. These two elements being proven, the state's case was abundantly made.

Appellant also renews his complaint directed at our ruling on the proposition of misconduct of the jury, and the testimony given by the jurors introduced upon the hearing of the motion for new trial has been carefully sifted. Setting it forth at length would but demonstrate the correctness of our holding that it was in a condition of conflict. No testimony appears which supports appellant's contention, but that it is combated by other testimony to the contrary. A reconsideration of same leaves us in no doubt of the correctness of our decision in this regard. While there was apparently a reference to appellant's failure to testify, it was promptly checked and not again referred to. While there was an inquiry as to whether appellant had been previously convicted, it was after the verdict had been agreed upon and before the jury had returned same.

A juror said it seemed to him as though some one said appellant ought to be given five years on general principles, but this

juror was not corroborated, and the juror to whom this remark was attributed testified positively that he made no such statement. The case is brought well within the general rule that the determination of issues of this character upon which the testimony appears contradictory, is primarily for the trial court—whose conclusion will not be disturbed by this court unless it is believed to be an abuse of his discretion.

Believing the former opinion correct, the motion for rehearing is overruled.

*Overruled.*

### ON APPLICATION TO FILE SECOND MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—George Torbett, the purchaser named in the indictment, testified that desiring something to drink, he went to the appellant's home, knocked at the door, "got seven bottles of beer and gave two dollars for it." The witness said that he and his companions drank four bottles of beer and decided that they wanted more of it. The witness returned to the appellant's house. The appellant got up and turned on the light and "I got eleven more bottles and gave him three dollars for them." The witness further said that while in possession of the eleven bottles, they were taken by officers.

The contents of some of the eleven bottles mentioned was analyzed and found to contain an excess of 5 per cent of alcohol. It occurs to us that this testimony warranted the jury in concluding that the appellant sold to Torbett a beverage called "beer." The courts have judicial knowledge that "beer" is a malt liquor. See Webster's New International Dictionary, p. 202; Moreno v. State, 143 S. W. 156, 64 Tex. Crim. Rep. 660; Words & Phrases, Vol. 1, 2nd Series, p. 417; Amer. & Eng. Ann. Cas., 1914c, p. 863; Black on Intoxicating Liquors, Sec. 17, p. 18; Henson et al. v. State, 260 S. W. 592. The courts have no judicial knowledge of the contents or character of "choc beer" or "tequila." See Briggs. v. State, 280 S. W. 775; Henson et al. v. State, supra; Chaves v. State, 275 S. W. 1006.

The cases of Revilla v. State, 280 S. W. 1004, and Tolar v. State, 260 S. W. 1045, are not in conflict with the conclusion reached on the original hearing.

The fact that the evidence is sufficient to show that the appellant sold to the purchaser named in the indictment a beverage known as "beer" is sufficient, under the precedents

named, to characterize the liquid as malt liquor. The evidence also disclosed that the liquor contained more than 1 per cent of alcohol by volume and was usable for beverage purposes. By this means the state met the measure of proof demanded by the law in charging the offense under Art. 667, P. C. 1925, so far as pertains to the character of the liquor is concerned. The other evidence is sufficient to connect the appellant with the sale.

The evidence adduced upon the motion for new trial has been carefully read. Such parts of it as tend to support the appellant's theory that there was misconduct of the jury in alluding to the appellant's failure to testify and to his previous trial is conflicting to a degree that rendered the decision of the trial court against the accused on the hearing of the motion binding upon this court. See Shaw v. State, 32 Tex. Crim. Rep. 155; Adams v. State, 48 Tex. Crim. Rep. 452, and numerous other cases collated by Mr. Branch in his Ann. Tex. P. C., Sec. 574, p. 295, to the point that the decision of the trial judge upon conflicting evidence given in the motion for new trial is, on appeal, to be given the same weight as the verdict of the jury upon any other question of fact, and if the evidence is sufficient to support the court's decision, it is not to be disturbed on appeal unless clearly wrong.

The permission to file a second motion for rehearing is denied.

*Motion denied.*