598

## O. J. Foster v. The State.

No. 14661.   Delivered January 13, 1932.
Rehearing Denied March 16, 1932.

The opinion states the case.

*Frank Samples,* of Fort Worth, and *R. M. Gardner,* of Amarillo, for appellant.

*Edward W. Thomerson,* of Amarillo, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, Judge.—The offense is theft of property over the value of $50; the punishment, confinement in the penitentiary for four years.

Appellant was tried upon an indictment charging the appellant with theft of three cases of cigarettes over the value of $50.   The theft was alleged to have been committed on the 11th day of December, 1930.

By bill of exception properly presented, the appellant contends that the court committed material and reversible error in failing to give the defendant's requested instruction of a verdict of not guilty because there was a variance in the allegation in the indictment and the proof because the indictment in said cause alleged that the appellant on or about the 11th day of December, 1930, fraudulently and unlawfully took from the possession of one R. E. Steele three cases of cigarettes and alleged that the

same was then and there the personal property and belonged to the said R. E. Steele. It was claimed that there was a variance in the allegation in the indictment and the proof on the grounds that the proof showed that R. E. Steele never owned said cigarettes and at the time of the alleged theft possession of said cigarettes was in one Mr. Helm who was foreman at the warehouse where the cigarettes were stolen.

The witness L. Y. Duke testified as to the ownership of the cigarettes as follows: "Helm was a foreman, he is over Steele, but Steele has charge of the warehouse in checking the stuff over to people there. Steele has direct charge of the warehouse."

The witness R. E. Steele testified as follows: "At the time the cigarettes were taken I was warehouse delivery clerk in charge of the warehouse with the Ft. Worth & Denver Railroad. I am in charge of the warehouse and all the inbound freight, that is, freight coming into Amarillo, and I occupied that position on December 11, 1930. I recall the occasion when there was three cases of cigarettes missing from the warehouse down there. I had charge and control of those cigarettes at the time they were stolen. The cigarettes were in my charge."

It is not shown that Helm was personally present at the time of the alleged theft at the freight depot of the Fort Worth & Denver Railroad. The facts showing the witness Steele to be the last and only person who was exercising control at the time the cigarettes were taken would seem to leave no doubt as to the correctness of the allegation of ownership in him. A person having actual control, charge, and management should be named in the indictment for theft as the owner. See Frazier v. State, 18 Texas App., 434; Miller v. State, 88 Texas Crim. Rep., 157, 225 S. W., 262; Williams v. State, 101 Texas Crim. Rep., 523, 276 S. W., 282. It is not necessary that the possession of the alleged owner be an exclusive possession. Lewis v. State, 72 Texas Crim. Rep., 377, 162 S. W., 866.

The appellant also contends that the proof in this case was not of such a positive degree to warrant a conviction and for that reason the verdict of conviction should be set aside. The evidence shows that the cigarettes alleged to have been stolen were consigned to a local grocery house and they had been placed by the door of the freight warehouse by the witness Steele and those under him for delivery. He testified further that he had a large shipment of paint in the warehouse and just before the alleged theft that he had been delivering the paint to a truck and helping to load it on the truck; that this truck was being loaded with the paint at the extreme east door of the warehouse. He testified further that at the time he finished loading the paint, just prior to the time when Mr. Duke reported to him that there had been someone in the warehouse, he walked through the warehouse and shut all the doors except the door near which the cigarettes were placed. That the cigarettes were stacked in two stacks, five cases in each stack, and that he noticed the two stacks

just before he went into the freight house and they were all there at that time; he hadn't been in the office but just a few minutes, not over three or five minutes, before Mr. Duke reported to him; that he went right back into the warehouse and counted the cigarettes and there was three cases missing; that he judged it was about three minutes after he had noticed that the cigarettes were all there and not over five minutes when he noticed that the three cases were gone.

L. Y. Duke, the employee that discovered the defendant in the depot, testified as follows: "As to what the defendant was doing and as to where he was and as to what position he was in when I first saw him when I looked in the freight house, he was lying down on his left side by the door. I don't know whether he was plumb down on his elbow, but his hand was around this way (indicating). The cigarettes were right there by his hand; whether his hand was on them, I can't say, but it was right out in that direction."

William E. Baker testified as follows: "I saw the defendant, O. J. Foster, down there at the freight warehouse; when I saw him I was about three or four feet from him and I saw him when he left the freight house and how he left. He got down out of the warehouse and got in a car and went away; they drove slow until they reached First and Johnson Streets, which is about one-half block away from the door of the Ft. Worth and Denver freight warehouse, and then they stepped on it and speeded up. * * * I had been in the warehouse about fifteen or twenty minutes prior to the time I saw the defendant there at that time. I saw ten cases of cigarettes sitting inside the door and after the appellant, O. J. Foster, left I went over there to the door to see if the cigarettes were still there and three cases were gone. When the appellant drove off in the car I could not see in the back of the car to see what was in there; he didn't drive close enough to me so that I could see what was in the car."

The evidence further shows that there was no other person in the warehouse during the time Steele was in the office except the appellant. The appellant did not testify.

The court charged the jury that the state relied on circumstantial evidence alone, and after consideration of all the evidence the opinion is expressed that the evidence is sufficient to support the verdict.

The appellant also complains by bill of exception of the action of the trial court in refusing to give him a new trial upon his allegation that the jury was guilty of misconduct in discussing the failure of the defendant to testify. An affidavit of two of the jurors was attached to the motion for new trial. All the jurors except one were examined in open court upon the issue of said motion for new trial and it appears that said juror was not examined, who was foreman of the jury, had died. The court upon the conclusion of said testimony overruled said motion. The qualification of the court shows that G. H. Clark, one of said affiants whose affidavit

was attached to said motion, testified that something was said about it, but he could not testify who said it. That R. L. Palmer, also one of said affiants whose affidavit was attached to said motion, testified that something was said about it, but he was not positive what, that he couldn't testify to anything about it. He further testified that when whatever was mentioned some member of the jury said that that was not in the case and that only the evidence could be considered, and that was the only time he heard the matter mentioned. Juror Mullen testified that he heard something said about the defendant not testifying and that was all there was to it. He also testified that when it was mentioned another member of the jury immediately cautioned all of them not to discuss it. Of the remaining eight jurors who testified on the hearing of the motion for new trial, four of them testified that they did not hear anything said about the failure of the defendant to testify, and four of them testified that they heard it only after the verdict had been agreed upon.

After a careful review of said testimony, we are not prepared to say that the court abused the discretion lodged with him in overruling said motion. The judgment of the trial court will be upheld. St. Clair v. State, 104 Texas Crim. Rep., 423, 284 S. W., 571; Eubank v. State, 104 Texas Crim. Rep., 628, 286 S. W., 234.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is again insisted that the evidence should not be held sufficient to support the conviction. In view of that contention we have again painstakingly reviewed the statement of facts. The evidence is set out at some length in our original opinion, and it is not thought necessary to further elaborate it. Looking to the case in its entirety we conclude that the state by its evidence excluded the idea that anyone but appellant could have been guilty of the theft of the cigarettes.

The motion for rehearing is overruled.

*Overruled.*