DOYLE STODDARD v. THE STATE.

No. 15078. Delivered March 9, 1932.
Rehearing Denied May 4, 1932.

The opinion states the case.

*C. A. Henley,* of Jacksboro, and *Jeff A. Fowler,* of Throckmorton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

It was alleged in the indictment that the burglarized house was occupied and controlled by E. E. Meyers and B. Kuykendall. Appellant contends that the proof shows that E. E. Meyers was the sole owner of the building. Hence it is his contention that the allegation and proof as to occupancy and control do not correspond. We are unable to agree with this contention. E. E. Meyers testified that the burglarized building was a place in which he and B. Kuykendall operated a hamburger stand. He stated that the property taken from the building belonged to him and Mr. Kuykendall. He testified that they had a partnership arrangement in which the proceeds were shared equally, but that the business was run in his name. Mr. Kuykendall testified that he and the witness Meyers operated the business. Where property is owned in common, or jointly by two or more persons, either as general or special owners, ownership may be alleged in all or either of them. Branch's Annotated Penal Code, sec. 2324; Mass v. State (Texas Crim. App.), 81 S. W., 45; Lewis v. State, 72 Texas Crim. Rep., 377, 162 S. W., 866, 867.

Appellant contends that the evidence is insufficient to show an actual breaking. We are unable to agree with this contention. The state's testimony showed that the building was entered on May 12, 1931. The witness Kuykendall testified that he quit work about 8:30 p. m. and closed the house. He said the main door to the place was locked when he closed up and the two side doors barred down. Upon returning to the building the next morning the witness discovered the door open. He testified that it appeared that something like an iron or steel tool had been used to open it. State's witness Meyers testified that he left the house at 9 o'clock. He said the door was locked that night. He testified that an examination

of the door the following morning disclosed that it was open and that it looked like it had been pried open with some kind of a tool. He testified further, that there were about seven boxes of candy and some ice cream packers missing.

Appellant's next contention is that the testimony is insufficient to connect him with the burglary. We are constrained to overrule this contention. Appellant and Charles Fields were in town together on the night of the burglary. About three days after the house had been burglarized the witness Meyers found a part of the property that had been taken therefrom near a rubbish heap. Four or five boxes of candy were in a large tin can hidden under some rubbish. After finding the candy the witness watched it in an effort to detect the thief. We quote the testimony of the witness at this point, as follows: About five o'clock Doyle Stoddard (appellant) and Charles Fields came down there. They went up to where this candy was hidden immediately when they came there. They started digging and after they did I came walking out there and asked them what they were doing. As they dug into the can I heard Doyle Stoddard say it looked like somebody had been there. Charles Fields said it didn't look like they had left it, and I walked on down upon them. * * * Charles Fields said this didn't look like the way they left it. It was Charles Fields that said it looked like somebody had been there, and Doyle Stoddard said 'They have?' Doyle Stoddard acted like he was surprised. * * * I walked up there and accused them of getting our stuff and they said they didn't get it."

The possession of the stolen property alone having been relied upon, the state had the burden to show the possession to have been personal, recent, and unexplained, and that such possession involved a distinct and conscious assertion of property by appellant. Russell v. State, 86 Texas Crim. Rep., 609, 218 S. W., 1049, and authorities cited. In order to sustain a conviction upon circumstantial evidence, the evidence must exclude every other reasonable hypothesis except that of the guilt of the accused. Reed v. State, 113 Texas Crim. Rep., 412, 22 S. W. (2d) 456, and authorities cited. We deem the evidence sufficient to meet the demand of the law.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant raises only the question on rehearing of the sufficiency of the testimony. That a house was burglarized and certain candy stolen therefrom, is not controverted. The

person who stole the candy burglarized the house. The person who took the candy secreted it shortly after the burglary, in a fifteen gallon tin can in which the candy was found by the owner with some stuff piled over it. The person who secreted the candy would know where it was, and how and in what manner it was hidden. The owner of the candy having found it hidden in the can, watched. Presently appellant and another appeared and "went immediately to the can". They were heard to discuss the fact that it looked like some one had been there. Appellant asserted positively that some one had been there. We do not see the necessity for discussing or deciding whether it was appellant or his companion who said that it looked like some one had been there. The watching owner said that appellant looked like he was surprised, and that appellant, referring to the statement of his companion that some one had been there, said, "They have". Another witness testified that he saw appellant and the same companion in the late afternoon before the burglary that night, going in the direction of the burglarized house. We are not able to say the jury were not justified in their conclusion of guilt.

The motion for rehearing will be overruled.

*Overruled.*