### H. A. WARD v. THE STATE.

#### No. 2217. Decided January 23, 1901.

**1. Obstructing Public Road—Defense Not Available.**

On a trial for obstructing a public road, where it appeared that defendant leased the land over which the road ran after the road had been established and been used as such for fifteen years, he can not be heard to complain that the order of court establishing the road failed to show that the owners had been notified or appeared before the jury of review and consented to the taking of the land, or had never been paid or tendered damages for his land so taken. Defendant had no interest in the question of damages incident to taking the land, and therefore could not set it up as a defense to the prosecution. He leased the land incumbered with the road.

**2. Public Road—What Is.**

A road established by order of the commissioners court and regularly worked and recognized as laid out for twelve or fifteen years, and traveled during the entire time by the public is a public road.

**3. Obstructing Public Road—Willfulness—Advice of Counsel.**

On a prosecution for obstructing a public road, defendant is not exonerated from willfulness in its obstruction by proof that he had, prior thereto, taken

advice of counsel, who told him the road was not a legal one. Henderson, J., while concurring in the affirmance of the judgment, dissents from certain propositions announced in the opinion.

APPEAL from the County Court of Jones. Tried below before Hon. J. C. PHILIPS, County Judge.

Appeal from a conviction of obstructing a public road; penalty, a fine of $1.

The case is stated in the opinion.

No briefs on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of obstructing a public road. This road, known as the "Anson and Roby Road," was laid out in 1883 by order of the commissioners court, and worked since 1884 as a public road. The road ran across what is known as the "Harrison County School Land," and at the time of laying out the road belonged to that county. The order establishing the road failed to show that Harrison County had been allowed or paid damages for the land taken, or had appeared before the jury of review, or had consented that the land should be so taken. The road was worked until 1889, when, at a point one mile inside the boundary of said Harrison County land, a deflection was made in said road from where it originally ran. From that point the new road made by the deflection was worked as a part of the public road. It thus continued until October, 1898, when Coats, who had in September previous leased this land, had appellant and others to inclose it, and place a gate across the road at the point where it entered said land. Several contentions are made, the principal of which is that this is not a public road, within the contemplation of law. We do not agree with this. The fact that the order of court establishing the road failed to recite that Harrison County had been notified of the laying out of the road, and had not been tendered damages by way of compensation for the land taken, does not alter this view, so far as appellant is concerned. He had no interest in the question of damages incident to taking the land for public use, and therefore could not set it up in defense of this prosecution. At the time of his lease the road was on the ground, and had been for practically fifteen years. He leased the land with this incumbrance upon it, and, so far as he is concerned, it is wholly immaterial whether or not Harrison County had been paid for the land. Dodson v. State, (Texas Crim. App.), 49 S. W. Rep., 78. But, had he been the owner, under the record before us he could not obstruct the road, because damages had not been originally allowed. As was said in Crouch v. State, 39 Texas Criminal Reports, 148: "After the road was established, although no damages were allowed him by the reviewers or

by the commissioners court, he could not disregard their order, although the Constitution provides that no citizen's land shall be taken by the State for public use without adequate compensation. He was entitled to compensation, but he should have procured his rights before the courts. The order establishing the road was obligatory upon him. He could not disregard it, and his obstructing by fastening the gate with wire was an unlawful act on his part. We further hold that the fact of his fastening up said gate after he knew it had been used as a public road of the third class was, under the circumstances, willful, and the proof offered by him that he had the advice of his attorneys to the effect that the order was void would not avail him as tending to show his act was not willfully done." He took the land as he found it, incumbered with the road. It did not interfere with any right he had in the land, for it was placed there before he obtained possession. His remedy, if any, was at the hands of the courts.

It is also contended the road was not a public one by reason of the change made. If in fact the road was changed from the point of entrance into said land in 1889, it was utterly disregarded both by the commissioners court and by the road overseers in working the road, for it is shown by the evidence that the road was worked as originally laid out from Anson to a point one mile inside said land; and the proof is without contradiction that this road was worked from 1884 or 1885 to the time of its obstruction, in October, 1898, that hands were regularly apportioned to it, and the road was recognized by the commissioners court as well as the overseers in working it, and the road at the point of obstruction was traveled during the entire time.

Appellant contends because he had taken advice of counsel to the effect that this road was not a legal one, exonerates him from the charge of willfulness. This question was decided adversely to his contention in Crouch's case, supra. The other contentions urged by appellant are dependent upon those discussed above, and it is unnecessary to review them. The judgment is affirmed.

*Affirmed.*

HENDERSON, JUDGE (dissenting).—While I concur with the majority of the court in affirming the judgment in this case, yet I do not agree with some of the propositions asserted in the opinion. I do not believe the land of a citizen can be taken for road purposes without due process of law, and I further hold that unless, in condemning land for a public road, the person whose land is condemned has had a day in court, he and those holding under him are authorized to peaceably resume possession of land so illegally condemned for road purposes, and to remove any obstruction therefrom. Nor does it occur to me that the authorities cited support the views expressed in the opinion. In Dodson v. State (Texas Criminal Appeals), 49 Southwestern Reporter, 78, it appears that the party had a prescriptive

right, and in such case no condemnation proceedings were necessary. In Crouch v. State, 39 Texas Criminal Reports, 148, condemnation proceedings were instituted. Appellant, Crouch, appeared in court. His land was condemned, but no damages were awarded. In that case the court had jurisdiction. Appellant had his day in court, and had his remedy on the question of damages. If he was dissatisfied with the failure to allow him damages, he had his right of appeal. Besides this remedy, he had the right to enjoin the same or sue the county for damages, as was said in that case. I can not think that said case is authority for the proposition that, where the owner had no notice of the condemnatory proceedings, and did not appear in court, he would be bound by the order condemning his land. As to him the jurisdiction of the court did not attach, and he could disregard the order of the court. The Constitution (article 1, section 17) guarantees that no person's property shall be taken or appropriated to public use without adequate compensation being made, etc. And our statute (articles 4670 to 4715, inclusive) prescribes the mode by which the land of a citizen may be taken for public road purposes, and this mode must be pursued. At least, before this can be done, the jurisdiction of the court must attach. This view is in harmony with the decisions of our Supreme Court on the subject, the decisions holding that, in order to legally condemn land for a public road, the owners or their agents must be notified in accordance with the statute. This is jurisdictional. Evans v. Land Co., 81 Texas, 622; Railway v. Austin (Texas Civ. App.), 40 S. W. Rep., 35. And see the decisions of this court. Bradley v. State, 22 Texas Crim. App., 330; Wynn v. State (Texas Crim. App.), 42 S. W. Rep., 289. In the majority opinion it is held that, although land of a citizen be taken without due process of law, he can not peaceably retake possession of the same, but must appeal to the courts by a suit for damages. I do not believe that this is in accord with the spirit of our Constitution or the decisions of our courts on this subject. If a citizen can be driven to a suit for damages where a road may have been established across his land without any notice to him, then the statute of limitations of two or four years would cut him off of all right to recover; whereas, if title to the land remains in him until he is legally deprived thereof by condemnatory proceedings under the Constitution, then he can avail himself of an action at any time within the period of limitations which might give the public of a prescriptive right. I have deemed it proper to thus express my views, because they are utterly variant with those entertained by a majority of this court. However, it does not occur to me that the questions heretofore discussed control the result of this case, inasmuch as, in my view, the public has gained a prescriptive right to the road in question by having laid it out and worked it from time to time, and having used and occupied it as a public road for a sufficient time to gain a prescriptive right thereto. The question then presents itself, what is a sufficient time to give the public a prescriptive

right to a highway? In Cunningham v. San Saba County (Texas Civil Appeals), 20 Southwestern Reporter, 941, on this subject the court uses the following language: "As a general rule, before a highway can be established by prescription, it must appear that the general public have a claim of right, and not by mere permission of the owner, under some definite way, without interruption or substantial change for at least the longest period of limitation prescribed by statute against an action for the land; and many authorities hold that such use must be for at least twenty years." This use, it appears, must be so adverse as to put the owner upon notice that an adverse right was asserted. See Franklin County v. Brooks, 68 Texas, 679. The exercise of this right must not be merely permissive, but must be in some manner the exercise of a claim to an easement or highway. Smith v. State (Texas Crim. App.), 40 S. W. Rep., 736. I do not understand the latter case to lay down the proposition that in our State twenty years adverse occupancy is necessary to a prescriptive right, as that question was not necessary to that decision. I think a sound doctrine on this proposition is in consonance with our statute of ten years limitation as to real estate, which gives a right to the land by mere adverse occupancy. Recurring to the statement of facts, it is shown that the road was laid out in 1883, and again in 1885, and has been recognized as a public road by the county since that time. Various orders of the court show it has been worked as a public road from 1885 up to the time this obstruction was placed across it; that is, the portion at which the obstruction was placed. The road leads from the county seat of Jones County to the county seat of Fisher County, and was used by the general public and traveled as a highway. Its use as such, it occurs to me, apprised the owner, if he had been there, that the public, including the county, was claiming the land occupied by said road as a highway or easement, and, such use having been continued for ten years without interruption, in my opinion, a public road was established by prescription. There is no question that appellant placed the obstruction there. He claims, however, it was not done willfully, but he believed he had a right to do it; that he had been informed that the road in question was not a public road, etc. I think the testimony shows that he knew at the time he placed the gate there that it was a public road, and the record shows he had full knowledge of its use by the public, and of its claim as a public road. I think this fills the measure of proof that the act was done willfully on his part. See Crouch v. State, 39 Texas Crim. Rep., 148.