CALVIN JOHNSON v. THE STATE.

No. 13324. Delivered May 7, 1930.
Reinstated June 18, 1930.
Rehearing denied October 29, 1930.
Reported in 31 S. W. (2d) 1084.

The opinion states the case.

*Benson & Benson* of Bowie, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for driving an automobile on a public highway while intoxicated; punishment, a fine of five dollars.

The transcript in this case fails to show that either the judgment, the sentence, the order overruling the motion for new trial, or the notice of appeal were ever entered of record or carried into the

minutes. In this condition of the record the Court of Criminal Appeals is without jurisdiction. Sauzeda v. State, 86 Texas Crim. Rep. 461, and authorities cited; Hill v. State, 108 Texas Crim. Rep. 336.

The appeal is dismissed.

*Dismissed.*

### ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—Because of defects in the record, at a former day this appeal was dismissed. By a supplemental transcript said defects have been remedied, and the case will now be considered on its merits.

Appellant's motion for new trial herein was overruled October 12, 1929, at which time by an order duly entered the court allowed appellant seventy days in which to file bills of exception. Computation shows this time allowed ended December 21st of said year. All the bills of exception herein were filed on December 31, 1929. This was manifestly too late.

Considering the sufficiency of the testimony, we are impelled to believe it ample. A number of witnesses testified for the State that at the time appellant drove and operated his car upon the road in question, he was under the influence of intoxicating liquor. They detailed many actions and much conduct of appellant supporting their said opinions. Appellant introduced some testimony to the contrary. The jury have settled such conflict in favor of the State. The testimony amply shows the road upon which said car was operated to have been recognized as public by the commissioners court, and that same had been used by the public and worked by road hands and at public expense for a great many years. Authorities are not needed upon the proposition that it was a public road.

The evidence being sufficient, and no error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—On May 7th, 1930 the appeal was dismissed on account of a defective record. This was corrected by supplemental transcript and on June 18th, 1930 the appeal was reinstated, and the judgment affirmed. The bills of exception were not considered, it appearing from the record then before us that they were filed after the time allowed by the trial court. By mo-

tion filed on June 30th, 1930 our attention is called to another supplemental transcript bringing forward an additional extension order which was likewise omitted from the other two transcripts, and which shows that the bills were filed within proper time. Under the authority of Ross v. State, 24 S. W. (2d) 404, the bills are entitled to consideration. Neither appellant nor his counsel are in any way responsible for the careless preparation of the record which came to this court. We again call attention to the necessity of more care on the part of officers charged with such duty in order to avoid much annoyance and unnecessary delay.

By bills of exception numbers one and two it is made to appear that during the examination of the jury panel one of the jurors (Fulcher) in reply to a question from the prosecuting attorney had stated that he had an opinion but could lay it aside; in reply to a question from appellant's counsel as to whether he entertained a fixed opinion, he said that he thought appellant was guilty. This remark was made in the presence of the entire jury panel. The juror was challenged for cause, which was sustained. Appellant's counsel immediately asked the court to quash the jury panel because of the answer of said juror in their presence. This motion was properly overruled. The court told appellant's counsel he would instruct the jury not to consider such remark, but did not at that time verbally give such instruction. When the time came for the court to instruct the jury, on a paper separate from his main charge, the court prepared a written charge in which he proposed to instruct the jury not to consider the remark which Fulcher had made, repeating in the written charge said remark. Appellant objected to giving such proposed instruction for the reason that the remark of the juror was made during the examination of the jury panel on the previous day and the giving of the written charge would have the effect of reminding the jury of the opinion theretofore expressed by the juror in question. This objection being interposed the court did not give the proposed charge. It further appears from said bill that appellant never at any time requested the court to give any charge to the jury panel or the jurors chosen concerning said statement made by the juror Fulcher. The opinion is expressed that it would have been the better practice for the learned trial judge to have immediately told the jury panel not to consider the answer made by the juror Fulcher; doubtless if appellant's counsel had requested it he would have done so at the time the answer was given. By preparing the written instruction referred to the court

was undertaking to instruct the jury passing upon appellant's case not to consider the answer of said juror, but appellant through his counsel objected to the instruction at that time. We think under the circumstances it can not be said that the bill reflects an error on the part of the court.

The recitals in bill of exception number three disclose that when appellant was called as a witness in his own behalf the prosecuting attorney called appellant's counsel before the court, out of the hearing of the jury, and informed the court that he thought appellant would be asked by his own counsel to testify to a prior conviction and a suspended sentence thereunder which was then in effect, and requested the court to instruct counsel for appellant not to ask such question; appellant's counsel insisted that he be permitted to ask the question, and make such proof in order to show that if appellant was convicted in the present case a suspended sentence on a former plea of guilty with penalty of five years in the penitentiary would become operative. The court declined to permit appellant's counsel to make the proof to which action appellant excepted. State's counsel would have had a right to interrogate appellant on cross-examination with reference to the former conviction as bearing upon his credibility as a witness, and for no other purpose whatever. This right was waived by the State and it is made to appear in appellant's brief that he desired to get before the jury the fact of the former conviction with suspended sentence, hoping that the jury in the present case would decline to convict because it would bring about a condition under which the former suspended sentence could be made operative. Proof of such former conviction could in no way affect the issue of the guilt or innocence of appellant in the present prosecution, and could have had no legitimate bearing upon the penalty which might be assessed by the jury in the event they convicted. We perceive no ground upon which the action of the court under the circumstances can be held to have been erroneous. It is true the punishment assessed in this case (being only a fine of five dollars) appears insignificant when the legal effect of it was to make it possible to call into operation the five-year sentence to the penitentiary which had theretofore been suspended. By Act of the Legislature a conviction in the present case denounced appellant as being guilty of the commission of another felony, although the law permitted the jury to assess an insignificant fine in punishment. (Art. 802 P. C.) It is inevitable that such results will follow not only in prosecutions under the article

in question, but in other offenses where the Legislature has prescribed penalties which may be either by confinement in the penitentiary or by a fine. If this has brought about a condition which ought not to exist it must be remedied by the Legislature; this court is without authority in the premises.

The State was unable to show from the records that the road upon which appellant was alleged to have driven the automobile had ever been established as a public road by order of the Commissioners Court, in compliance with the statutory requirements, and the State then resorted to proof of long usage of said road by the public, and recognition of it as a public road by the Commissioners Court in working it in order to establish the public character of the road. All of such testimony was objected to by appellant on the ground that no "proper predicate had been laid." We are unable to perceive what further predicate was necessary than to show an absence of court orders establishing the road in compliance with the statute to render admissible the evidence objected to. The evidence shows conclusively that the road in question had been used by the general public as a public road for more than thirty years. Road hands under the old road laws had worked it under the supervision of road overseers; and in recent years the Commissioners Court through the County Commissioners, or road supervisors had graded and worked the road. We do not undertake to set out the evidence in detail, but it is ample to establish that the road in question was a public road under many authorities. Some of them follow. Michel v. State, 12 Tex. Cr. App. 108; Berry v. State, 12 Tex. Cr. App. 249; Race v. State, 43 Tex. Cr. R. 438; Jolly v. State, 19 Tex. Cr. App. 76; Dyerle v. State, 68 S. W. 174; Ward v. State, 42 Tex. Cr. R. 435, 60 S. W. 757. (See Sec. 1344 Branch's Ann. Tex. P. C.) The foregoing discussion disposes of bills of exception numbers four, five, six, seven, eight and ten.

Appellant undertakes to draw a distinction between a "dedication" and an "easement" insisting that the evidence at most shows only an easement in favor of the public in the use of said road. He cites Ladies' Benevolent Society v. Magnolia Cemetery Co., 288 S. W. 812, as supporting his contention. The case mentioned was a civil suit involving the rights of individuals. We do not undertake to analyze it because so many authorities from this court are found sustaining the State's position under the facts proven in the present case.

This disposes of all questions raised by appellant, none of which were heretofore considered on account of the condition of the record.

Perceiving no error which would justify a contrary action, the motion for rehearing is overruled.

*Overruled.*

HAWKINS, J., absent.