

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

June 25, 1962

Honorable Mack Wallace                    Opinion No. WW-1361
County Attorney
Henderson County Courthouse         Re:  Whether members of the
Athens, Texas                                  National Guard are exempt
                                                     from the payment of road
                                                     tax under Articles 5840-
Dear Mr. Wallace:                               5844, V.C.S., inclusive.

        You have asked whether or not members of the National
Guard are exempt from road tax under the provisions of Articles
5840 to 5844, V.C.S., inclusive.

        Article 5840, V.C.S., reads as follows:

        "All officers and enlisted men of the
    active militia of this State, who comply with
    their military duties as prescribed by this
    chapter, shall be entitled to exemption from
    the payment of all poll taxes, except the poll
    tax prescribed by the Constitution for the
    support of public schools; exemption from the
    payment of any road or street tax, and from
    any road duty whatsoever under the laws of
    this State, and exemption from jury service
    or duty of every character and description."
    Acts 1905, p. 167.

        Articles 5841 to 5844, V.C.S., inclusive, provide the
method for the various categories of the militia to claim and
receive their exemption.  Art. 5842, V.C.S., reads as follows:

        "To entitle any troop, battery,
    company, signal corps or band of the ac-
    tive militia of this State to exemption
    from the payment of road or street taxes,
    jury service or duty, and road duty as
    specified in Article 5840 of this chapter,
    the commanding officer of such organizations
    shall, between the first and thirty-first days
    of January of each year, file lists similar to
    that set forth in the preceding article, certi-
    fied to him, one copy with the clerk of the
    district court of his county and one copy with
    the clerk of the county court of his county;
    and the names appearing on such lists shall
    thereafter be exempt from jury service or

duty of every character and description,
from the performance of any road duty, and
from the payment of any road or street tax
in such county for the current year. County
Clerks shall furnish information of those
so exempt to the proper road overseers and to
all others concerned." /Emphasis added./

The reason Art. 5840, V.C.S., made it plain that there
could be no exemption from $1.00 of the poll tax, which goes to
support the public school system, is because that much of the
poll tax is prescribed by Sec. 3, Art. VII, Texas Constitution.
What is this road tax mentioned in Articles 5840 to 5844, V.C.S.,
inclusive? These articles were enacted in 1905. You will note
that each time there is a mention of exemption from road tax, it
is coupled with exemption from road duty. Also, Art. 5842, V.C.S.,
directs the County Clerk to furnish information of those so exempt
to the proper road overseers.

At the time Arts. 5840 to 5844, V.C.S., inclusive, were
enacted in 1905, every able-bodied male citizen was required,
upon being summoned by the road overseer of his precinct, to
work not more than five days per year on the county road. Fail-
ure to come when so summoned was made a misdemeanor offense. Art.
6723, V.C.S. Certain persons were exempt, such as ministers, in-
valids, and members of volunteer fire companies. A person could
be exempt by providing an able-bodied substitute, or by payment
of a road tax of $3.00. The county treasurer was required to
furnish every road commissioner a list of all persons in their
precinct who had paid the $3.00 road tax, so that the Commissioner
would know who was exempt from the call for road hands. Articles
6768 to 6770a-a, V.C.S. It is provided in Art. 6755, V.C.S.,
that in any county where a special tax for the maintenance of
the public roads is levied and collected under Section 9, Art.
VIII, Texas Constitution, the Commissioners are not required to
compel citizens in their precincts to perform road duty, but
that the roads would be maintained wholly by taxation.

All counties, so far as we know, now maintain their roads
by taxation, which taxes are ad valorem, and are levied against
property. The $3.00 road tax which was levied under the old
obsolete road laws was a voluntary tax which a male citizen could
pay in order to be exempt from having to be a road hand and per-
form road duty at no compensation on the county roads for 5 days
a year. These articles (5840-5844) are not giving any exemption
from the ad valorem taxes levied against property for the benefit
of the county Road and Bridge Fund, or the Special Road Taxes.
There would be no way to exempt from ad valorem taxes any pro-
perty solely on the ground that it was owned by a National

Guardsman, unless such exemption was named in Section 2, Art. VIII, Texas Constitution.

Sec. 2, Art. VIII, Texas Constitution, names the property which may be exempt from taxation, and then concludes with the following phrase:

". . . and all laws exempting property from taxation other than the property above mentioned shall be null and void."

That these statutes pertaining to "road tax" and "road duty" are now obsolete was recognized as early as 1930 by the Court of Criminal Appeals of Texas in Johnson v. State, 31 S.W.2d, 1084 (Tex.Crim. 1930), even though the statutes are still found in the books. This was a case of driving while intoxicated, in which it was alleged that the defendant drove an automobile on a public highway while intoxicated. As one of his defenses, the defendant contended that the so-called highway upon which he drove his automobile was not a public road. The State proved that while the county had never formally dedicated such road as a public road, nevertheless, the county had recognized it as such, since the county had maintained it in years past under the old "road hand" method, and in more recent years the county had graded and worked the road. The Court left the inference that such laws calling for "road duty" by "road hands" are now obsolete by referring to such laws as "old," when it said at page 1086:

". . . The evidence shows conclusively that the road in question had been used by the general public as a public road for more than thirty years. Road hands under the old road laws had worked it under the supervision of road overseers; and in recent years the commissioners' court or road supervisors, had graded and worked the road. . . ."

Therefore, as early as 1930 it was recognized that county roads are no longer maintained by the male citizen, road-hand method, but are worked and maintained by county employees who are paid a salary from out of the Road and Bridge Fund. We hold, therefore, that the road tax from which the militia is exempt under Articles 5840-5844, V.C.S., inclusive, is the $3.00 tax which male citizens formerly paid in order to become exempt from having to perform without compensation five days road duty per year on the county roads. Those articles are still valid to the extent that they exempt the militia from having to perform 5 days road duty on the county roads, or pay the $3.00 road tax in lieu therof, as to those counties, if any, which still maintain their

roads by the "road duty" method.

### S U M M A R Y

The "road tax" from which the militia is exempt under Arts. 5840-5844, V.C.S., inclusive, is the $3.00 road tax which a male citizen may pay under the provisions of Arts. 6768-6770a-2, V.C.S., inclusive, in lieu of performing 5 days "road duty" per year on the county roads, as provided in Art. 6723, V.C.S.

The exemption from "road tax" in Arts. 5840-5844, V.C.S., inclusive, does not exempt property belonging to National Guardsmen from ad valorem taxes levied for the maintenance of roads.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Riley Eugene Fletecher
Assistant

REF:jp:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Robert C. Patterson
Coleman Gay
Pat Bailey

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore