### JOHN MUELLER v. STATE.

#### No. 2339. Decided February 19, 1913.

**1. Illegal Practice of Medicine—Indictment.**

Where, upon trial of unlawfully practicing medicine, the indictment followed approved precedent, the same was sufficient. Following Singh v. State, 66 Texas Crim. Rep., 156, and other cases.

**2.—Same—Election by State—Different Courts.**

Where the indictment in a misdemeanor case charged the offense in two separate counts, the State could not be required to elect; besides, the court only submitted one count and this in itself was an election.

**3.—Same—Sufficiency of the Evidence—Public Professing.**

Where, upon trial of unlawfully practicing medicine by publicly professing to be a physician, without having first registered a license, etc., the evidence supported the conviction, there was no error; see opinion for facts showing that defendant held himself out as a physician for pay without license.

**4.—Same—Evidence—Advertisement—Practitioner.**

Where, upon trial of unlawfully practicing medicine, the State was permitted to introduce in evidence defendant's advertisement by which he offered to practice medicine, there was no error, although the advertisement did not in so many words state that he was a practitioner or physician.

**5.—Same—Evidence—Names of Persons Treated.**

Upon trial of unlawfully practicing medicine without license for pay, there was no error in introducing numerous witnesses for the State who stated that they had been treated by defendant for various ailments and diseases, although they were not named in the indictment.

**6.—Same—Evidence—Husband and Wife—Payment.**

Upon trial of unlawful practicing medicine, there was no error in showing that the persons treated by the defendant paid defendant's wife in his presence for such treatment; besides, it was shown by other testimony that defendant received payment directly and indirectly for such medical treatment.

**7.—Same—Precedent—Practice on Appeal.**

Where, upon appeal from a conviction of unlawfully practicing medicine, the questions raised had been discussed and decided adversely to appellant in numerous cases, it was not necessary to pass on them again. Following Ex parte Collins, 57 Texas Crim. Rep., 2.

Appeal from the District Court of Gillespie. Tried below before the Hon. Clarence Martin.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $100 and twenty-four hours confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.—Cited cases in opinion, and also Ex parte Collins, 57 Tex. Crim. Rep., 2; Melling v. State, 150 S. W. Rep., 434; Stiles v. State, 66 Tex. Crim. Rep., 665; Gumay v. State, 62 Tex. Crim. Rep., 276; Dankworth v. State, 61 id, 157; Newman v. State, id, 338.

PRENDERGAST, JUDGE.—Appellant appeals from a conviction for unlawfully practicing medicine with a penalty of a fine of $100 and twenty-four hours in jail.

The indictment is substantially in accord with the statute and is such as this court has uniformly and repeatedly held good. Ex Parte Collins, 57 Texas Crim. Rep., 2; Singh v. State, 66 Tex. Crim. Rep., 156; 146 S. W., 891; Stiles v. State, 66 Tex. Crim. Rep., 665; 148 S. W., 326, and other cases.

The indictment in this case was in two counts. The first charged that appellant practiced medicine without authority and without license properly registered, sworn to, etc., on certain persons, naming them. The second count is that he publicly professed to be a physician and offered to treat diseases and disorders, etc., without first having registered his license to do so, with his proper address, age, etc. The court did not submit the first count, but submitted only the second.

Election between counts can not be required in misdemeanor cases. Stebbins v. State, 31 Texas Crim. Rep., 294; Thompson v. State, 32 Texas Crim. Rep., 265. Even in felony cases, where election can be required, when the court submits the case under one count, that itself is an election.

The uncontradicted evidence clearly shows that appellant, by his public advertisements in newspapers, and to others, publicly offered to practice and professed to be able to cure practically any and all diseases and invited all afflicted to call on him for that purpose, but in his advertisements and in his talk to many of his patients he would tell them specifically he made no charge. In his advertisements he stated: ''Positively no charges made, but the labor is worth the hire,'' and repeatedly stated this to some of his patients. However, the evidence discloses that numerous of his patients, whom he did treat, paid him indirectly. One paid to his wife in his presence; others by doing work for him; others by making him or his wife presents; another by renting him a house and collecting no rent for several months. To one he prescribed medicine and furnished it. Others paid him money directly for his treatment of them. One witness whom he treated re-

peatedly and for some time, stated that in discussing the treatment and his charges, he said: ''I won't charge you anything—I don't know how many times he said that—nothing but if you make me a present it is welcome. \* \* \* I made him a present—it was in money. Sometimes I would hand him a dollar and sometimes two dollars or something like that. I never told him, here is your money. I just put it in his hand and he never looked at it. He just put it in his pocket.'' It was also shown that he called himself ''Dr. Mueller'' and was generally known and called ''Dr. Mueller'' and that was the title he gave himself. He was shown not to have any license registered. The evidence clearly justified the verdict.

When the State offered to prove by the editor of the newspaper and to introduce appellant's published advertisements therein, showing that he professed to cure any and all diseases and inviting everybody afflicted to come to him for treatment, appellant objected because such advertisement did not show that he was practicing or offering to practice medicine, and that in said advertisement he did not claim to be a physician or practitioner of medicines belonging to any school, and he expressly stated in said advertisements that he made no charge. In his advertisements he called himself ''Professor'' Mueller, but the whole of it shows, and only shows, that he was offering to practice, and the testimony by the witnesses shows that he did actually practice medicine on men, women and children and that was his profession. He also objected to this testimony, because the State had not then shown that he treated the three persons named in the first count of the indictment. This evidence was clearly admissible.

The State introduced numerous witnesses who testified that at various and sundry times, about the time charged in the indictment, appellant treated them for various ailments and diseases. This was objected to because the indictment did not specifically name these persons or either of them as the ones whom he treated. This testimony was clearly admissible as tending to prove the State's case as alleged by either and both of said counts.

By another bill he objected to the testimony of one witness, who swore that after his treatment, in the presence of appellant, he paid to appellant's wife some money therefor and that she accepted it after he had offered it to appellant directly and appellant had declined to take it, because by such proof the wife would be thereby indirectly testifying against her husband. There was no error in permitting this testimony. Even if there had been, the uncontradicted testimony by many other witnesses showed that they had paid to appellant, directly and indirectly, money and other things for his treatment of them.

The questions arising in this case have been so often discussed and decided against appellant that we deem it unnecessary to discuss any of them again. This case in no way differs from the many cases this court has considered and uniformly affirmed under prosecutions under this statute. See Collins v. State, recently decided.

We have carefully considered all of appellant's complaints. The testimony is uncontroverted, is amply sufficient, and no other verdict, under the testimony, could or should have been rendered than that of conviction.

The judgment will be affirmed.

*Affirmed.*