LATTIMORE, Judge.
 

 Appellant was convicted in the district court of Denton county of rape, and his punishment fixed at confinement in the penitentiary for life.
 

 If the testimony for the State b'e accepted, appellant by force ravished prosecutrix at her home on the occasion mentioned in the indictment. After his arrest he made written statements corroborating in every way the testimony of the prosecutrix, and admitting that he did have carnal knowledge of her. She said when he attacked her she fainted and in this he also corroborated her. The facts seems to amply support the conclusion of guilt. Prosecutrix was a white woman, appellant a negro man. As far as the record reveals, they were strangers to each other. Her husband was away from home at work and she was alone when the crime was committed.
 

 There are six bills of exception in the record. The first reflects an exception taken to a paragraph of the court’s charge in which the jury are instructed regarding the confession or confessions made by appellant. The gist of said exception is that the court in said paragraph of the charge treated the two confessions made by appellant as though same were original evidence, when in fact one of them was introduced by the State in its rebuttal testimony. We make no distinction in our practice between evidence usable for the purpose of establishing the guilt of the accused, whether introduced while the State is first putting its case before 'the jury, or when the State comes to its rebuttal. Either or both statements were usable for the purpose of establishing appellant’s guilt, and it was not the duty of the court to attempt to’ make any such distinction between them as indicated in this exception.
 

 
 *548
 

 Bill No. 2
 
 complains of language used by the State’s attorney in his closing argument, the substance of which was that one of the defenses was that it was a ease of consent, another defense that the defendant was not present, and another that if he was present, the State extorted a confession out of him by threatening to cut his head off. The objection to this argument as set forth in the bill is that it was not supported by the evidence. Nothing in the bill informs us as a matter of fact that the argument was not in reply to that of appellant’s counsel. The bill shows no error. '
 

 By another bill appellant complains of the refusal of the court to give a requested instruction to the effect that the statement made and signed by the defendant while in jail at Denton and offered by the State in rebuttal, could only be considered by the jury for the purpose of impeaching the defendant and that they must not consider it as original evidence of his guilt. As above stated by us, this seeks to make a distinction between evidence of statements made by the accused, unable to prove his guilt, which we do not recognize.
 

 Another bill of exceptions complains of the overruling of appellant’s request for a change of venue. This bill sets out the testimony offered in support thereof. We have examined the testimony and are of opinion that it does not show that there existed against the accused such feeling or prejudice, nor any such dangerous combination against him, as to render it unlikely that he could obtain a fair trial in Denton county.
 

 Another bill of exceptions complains of a statement made by the State’s attorney in reply to one made by aopellant’s attorney. We perceive nothing in the bill rendering it seriously objectionable. No request was made that the court instruct the jury not to consider it.
 

 The remaining bill of exceptions is to the refusal of a special charge seeking to have the jury told that they could not convict upon the evidence of the prosecutrix alone, unless there was other testimony corroborating hers and tending to connect appellant with the crime. We find nothing in the testimony suggesting the idea of consent on the part of prosecutrix, and believe the learned trial judge correctly refused said charge.
 

 Believing that the appellant had received a fair and impartial trial, that the complaints directed at the manner of trial are without support, and that the evidence justifies the verdict, the judgment must be upheld. However, we observe that in sentencing appellant the provisions of our indeterminate sentence law were overlooked, and the penalty therein fixed at confinement in the penitentiary for life will be reformed so that the judgment and sentence will read that his punishment be fixed at confinement in the penitentiary for some period of time not less than five years and not more than life, and as thus reformed the judgment will be affirmed.
 

 Sentence reformed and judgment affirmed.