## TOM RAINEY V. THE STATE.

### No. 9985.   Delivered March 17, 1926.

### Rehearing denied May 26, 1926.

#### 1.—Assault to Murder—Continuance—Properly Refused.

Where appellant, on a trial for assault to murder, made his second application for a continuance on account of the illness of his wife, and such application was contested by the state and on a hearing the testimony was such as to indicate that the condition of his wife was chronic, and no effort made by appellant to secure her depositions, no error is shown in refusing the continuance.

#### 2.—Same—Argument of Counsel—No Error Shown.

Where appellant complains of the argument of counsel for the state, and his bill is qualified by the court with the statement that the argument was solicited and invited by the argument of counsel for appellant, no error is presented.   Appellant is bound by the qualification of his bill, when not objected to by him.

#### 3.—Same—Evidence—Harmless, if Error.

We do not think the trial court erred in permitting the state to prove that one of the parties who came with appellant to the house where the difficulty occurred was under the influence of intoxicating liquor.   It certainly was not of such importance as to justify a reversal of the case.

#### 4.—Same—Evidence—Properly Admitted.

There was no error in permitting the witness Turnbow to detail a conversation he had with appellant at the home of Turnbow, where the shooting occurred.   This conversation took place immediately before the shooting, and was admissible.

#### 5.—Same—Evidence—Leading Questions—Properly Excluded.

Where appellant in his examination of his witness Turnbow propounded to him a question which was leading and suggestive, there was no error in sustaining the objections of the state to said question on that ground. If appellant desired to go into the matter, it was his duty to conform to the rules of evidence in asking the question.

#### ON REHEARING.

#### 6.—Same—Continuance—Properly Refused.

Appellant on rehearing urges that we were in error in our original opinion in passing upon his application for a continuance on account of the sickness of his wife.   His wife was present when the trial began, and much evidence by both the state and appellant was heard upon this issue.   After a careful analysis of this evidence as disclosed by the record, we are satisfied that the learned trial judge did not abuse his discretion in refusing this continuance, and the motion for a rehearing will be overruled.

Appeal from the District Court of Eastland County.   Tried below before the Hon. Elzo Been, Judge.

Appeal, from a conviction for an assault to murder, penalty four years in the penitentiary.

The opinion states the case.

*B. D. Shropshire* of Eastland and *J. Lee Cearley* of Cisco, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is an assault with intent to murder, and the punishment is four years in the penitentiary.

The appellant complains at the court's action in overruling his second application for a continuance. This application was for the wife of the appellant; whom he alleged to be a material witness in his behalf, and whom he claims was sick and unable to attend court, although present in the town of Eastland where court was being held. We think no error is manifested by the record in overruling this application.

The testimony as to her condition was conflicting, but if full faith and credit be given that offered by appellant and that offered by the state be disregarded we think it clear that the testimony is such as to indicate that the condition of the appellant's wife is chronic and there is no showing made excusing appellant for not having taken the deposition of his wife, and neither is there a sufficient showing in the record to indicate any probability of her condition being better at another term of the court. We may observe in passing that the affidavit of the wife as to what her testimony would have been is not found in the record and not attached to the motion for new trial.

By bills of exceptions Nos. 2 and 3, appellant complains at the argument of the prosecuting attorney in the case. The court qualifies these bills by saying that they were solicited and invited by the argument of appellant's counsel, and in this condition of the record no error is shown.

We think the court was not in error in permitting the state to prove that one of the parties who came with appellant to the house where the difficulty occurred was under the influence of liquor. It was certainly not of such importance as to justify a reversal of the case.

Neither do we think the court was in error in permitting the witness Turnbow to detail a conversation he had with the appel-

lant at the home of Turnbow, where the shooting occurred. This conversation took place immediately before the shooting and was admissible.

Appellant's complaint at the court's action in sustaining the state's objection to a question asked the witness Turnbow by him is without merit. The question was leading and suggestive and if appellant desired to go into the matter it was his duty to conform to the rules of evidence in asking the question.

We have examined the other complaints contained in the record and have reached the conclusion that they are without merit.

Believing that the facts are entirely sufficient to support the verdict and finding no errors of procedure in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews complaint of the refusal of his applications for continuance. Having same in mind, we have carefully sifted the testimony supporting the proposition that the continuance should have been granted. It was sought because of the absence of appellant's wife. She had come with him to court and, according to appellant's contention, had been taken ill after arriving at the county seat. Several physicians, who examined her, testified as to her condition. It seems without dispute that the disease from which she suffered was chronic. All said physicians testified that the condition of nervousness and illness resulting from the prospect of being used as a witness in her husband's case, would likely recur at any future time. She had been suffering from said disease for several years. No effort had been made to take her deposition or perpetuate her testimony. We gather from the testimony of the physicians that one element in the condition of the wife when examined by them, grew out of the fact of having made an automobile trip. On this point the sister of appellant's wife was used as a witness for the state. She said that the wife of appellant came to witness' house on the morning of the trial; that she was up and walking around and was not complaining of anything more than usual until noon; that up until the time appellant's wife heard the case was going to trial she

was walking around the house, but when she heard that it was going to trial she went off and laid down. Giving consideration to all this testimony, we are satisfied the learned trial judge did not abuse his discretion in refusing this continuance. The qualifications put on appellant's bills of exception Nos. 2 and 3 leave no question of the fact that the argument of the State's Attorney complained of therein, was in reply to argument used by appellant's counsel. There is nothing in the proposition that the state proved that a party who was with appellant was intoxicated.

The motion for rehearing will be overruled.

*Overruled.*