E. J. Cochran v. The State.

No. 11717.  Delivered June 6, 1928.
Rehearing denied May 15, 1929.

The opinion states the case.

*J. M. Carter* of Aspermont, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession for the purpose of sale of spirituous, vinous and malt liquors capable of producing intoxication; penalty, two years in the penitentiary.

Many of appellant's bills of exception cannot be considered. His bills show 'that certain objections were made but there is nowhere incorporated in such bills a statement of the facts which form the basis of such objections. So much of the evidence as would verify the truth of the objections should be incorporated in the bill. No useful purpose can be served by again discussing this question, which has been decided in scores of cases and has been stated and restated almost weekly for the past decade. A full collation of the authorities will be found in Branch's P. C., Sec. 209, and we again refer to them in the hope that it may eventually be learned that a bill of exception must be so written if it is to be considered.

Bills of exception appear in the record to the argument of the District Attorney. All of these have been qualified by the Court with the statement that they were made in reply to argument of appellant's counsel, and to which qualification there appears no exception or objection. Under these circumstances, no error is shown. This question, like the one immediately above, has been many times decided. Baker v. State, 4 Tex. Crim. App. 229; Cordway v. State, 25 Tex. Crim. App. 405; Norris v. State, 32 Tex. Crim. Rep. 173; Chalk v. State, 35 Tex. Crim. Rep. 128; Washington v. State, 35 Tex. Crim. Rep. 154; Ray v. State, 35 Tex. Crim. Rep. 357; Vincent v. State, 55 S. W. 819; Vann v. State, 48 Tex. Crim. Rep. 15; Roberts v. State, 60 Tex. Crim. Rep. 112; Campbell v. State, 62 Tex. Crim. Rep. 561; Moore v. State, 144 S. W. 603. It would be a waste of space to discuss these bills in view of the above authorities.

The only question which we deem necessary to discuss is that contained in Bill of Exception No. 4. The evidence shows that two quarts of whiskey were purchased by prohibition enforcement officers about the 25th day of April, 1927; that on the 11th day of May, 1927, appellant's premises were searched by officers and thirty-six quarts of corn whiskey were found in a dugout on his premises. His wife testified with reference to the transaction of April 25th to facts and circumstances raising the issue of alibi in favor of appellant. The indictment was returned and filed in court on the 10th day of June, 1927. Appellant's trial was had in November, 1927. After his wife had testified to the above facts she was asked by the District Attorney if she were not before the grand jury last week and stated that she knew absolutely nothing in connection with this case, to which she testified that she didn't remember. He again asked her, "Will you tell this jury that you didn't answer that," to which she replied, "Well, I don't know."

Art. 381, C. C. P., is as follows:

"The grand jury shall inquire into all offenses liable to indictment of which any member may have knowledge, or of which they shall be informed by the attorney representing the State, or any other credible person."

It affirmatively appears from this bill that the present matter had been investigated and an indictment returned at a preceding term of the court. The grand jury had no right, if it did, to question the wife of the appellant about an offense which had already merged into an indictment previous to her giving such testimony.

It has been specifically held as early as the case of Hampton v. State, 45 Tex. 154, that the State has a right to examine the wife, touching any testimony she may have given on a trial of the same case against her husband. That the State cannot by process call a wife before the grand jury and compel her to give testimony and use the same as a basis of impeachment against her on a subsequent trial of an offense against her husband, has been many times decided. Woodall v. State, 58 Tex. Crim. Rep. 513; Brock v. State, 44 Tex. Crim. Rep. 335; Doggett v. State, 86 Tex. Crim. Rep. 98; Johnson v. State, 66 Tex. Crim. Rep. 586. However, the rule is equally well settled that subject to the above and the further rule that her cross-examination must be limited to matters testified to by her on direct examination, she may be impeached as any other witness. Johnson v. State, 28 Tex. Crim. Rep. 17; Jones v. State, 38 Tex. Crim. Rep. 87; Merritt v. State, 39 Tex. Crim. Rep. 70. The bill in the instant

case fails altogether to show whether or not appellant's wife was brought before the grand jury under process, whether or not she was forced to testify by the State, or whether she voluntarily went before such grand jury at the instance and request of her husband. If her action was at the specific instance and request of appellant, we see no reason to deny the State the right to impeach her with any statements made under such circumstances. The bill is wholly lacking in a statement of facts that would bring it under any of the above rules inhibiting the use of her testimony for impeachment purposes. See case of Rodgers v. State, 236 S. W. '748, for discussion of a similar question under state of facts almost identical with the instant case. The attendant facts are nowhere set out, it not even appearing whether she was questioned by the grand jury or testified of her own initiative. The presumption of law is that the ruling of the trial court is correct and the burden is upon the appellant to show error. This burden appellant has failed to discharge by the recital of any facts or the non-existence of facts which would preclude her impeachment in the manner shown above. Bound as we are by the presumption of law that the trial court ruled correctly, in the absence of a showing to the contrary we are of the opinion that no error is manifested by this bill.

All the testimony regarding the search of appellant's premises appears to have been admitted upon the theory that appellant consented to such search and there being evidence to support such a conclusion, appellant's complaints with reference thereto are without merit.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files an able and interesting motion for rehearing in which it is first insisted that our disposition of his bill of exceptions No. 4 was erroneous. We have carefully examined said bill and the authorities cited, and notice the various contentions made. The wife of appellant was a witness for him on his trial in November, 1927, concerning an offense alleged to have been committed in April, 1927. Bill of exceptions No. 4, as appears

in the original opinion, relates to certain questions propounded to the said wife while on the witness stand in this case. All we learn from said bill is that she was before a grand jury of the county during the week preceding this trial presumably to testify against appellant for some matter which had occurred after he was indicted for the offense here on trial, and was asked on cross-examination while such witness if she had not testified before said grand jury that she knew absolutely nothing in connection with this case (evidently meaning the case on trial). She said she did not remember, and when asked again if she swore that she did not make such statement, she said she did not know. When a wife becomes a witness for her husband she is subject to cross-examination and impeachment as any other witness, and it may be shown that at other times and places she has made statements which are in conflict with her testimony in the case on trial, and this proposition seems true whether she had made the contradictory statements in court or elsewhere. Applying this to the facts as shown in this bill, we hold, first, that it was not shown by her testimony whether she testified to such facts before the grand jury or not; second, that if it had been shown that before said grand jury she testified that she knew nothing in connection with the matters involved in this trial, this would have been admissible and pertinent to contradict her testimony given upon this trial as to things favorable to her husband, unless the bill of exceptions had gone further and shown that such statements were made by her as a result of improper questioning, or that the same were not voluntary, or that she was in some way forced or compelled to make such statements. It is unquestionably true that sometimes we are not quite as careful in our statements as we ought to be. The fact that this woman may have been taken before a grand jury shortly before this trial, under process, and that while there she made statements relating to the instant offense which were at variance with her testimony given on this trial,—would not constitute a showing sufficient to reject proof of what she then said. This is plain. To illustrate: Suppose she had been taken by process before the grand jury just before this trial to inform them of some occurrence, and while before such grand jury she had volunteered the information that she knew nothing connected with the offense charged against her husband in April, 1927. This court would certainly not hold on these facts that if she got on the witness stand when her husband was on trial for the April transaction, and swore she was present and knew all about it, the State might not prove her statement so made before

the grand jury as aforesaid. If she had given testimony as to material facts connected with the April transaction, the State might prove, if it could, that she had made a statement to any person, whether within a few days or months or years, to the effect that she knew nothing of such transaction. The fact that she made such statement while a witness in court somewhere, or while before the grand jury, would not change its force or effect as contradicting her testimony given on this trial, and in order to have same rejected when offered by the State, the bill of exceptions must show that her former statement was improperly made and surrounded.

None of the cases cited by appellant go as far as he seeks to have us go here. The rule is well settled that each bill of exceptions must manifest the error therein complained of. This one does not do so. Our former holding was correct.

We have examined with interest all the motion for rehearing,— have looked to bills Nos. 3 and 3a and others, with the result that we are confirmed in our conclusion that it is shown that the search in the instant case was with the consent of appellant. We do not believe bill of exceptions No. 11, when considered with the qualification of the court, as same appears without exception thereon, shows any error. While it is to be expected that the courts will always treat courteously the attorneys before them, it will be equally expected that the attorneys will remain in the record when discussing cases before the courts.

Finding no error in the original opinion, the motion for rehearing will be overruled.

*Overruled.*