## JIM WOOD v. THE STATE.

No. 14276.  Delivered October 7, 1931.
Rehearing Denied January 27, 1932.

The opinion states the case.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is under article 802 of the Penal Code for driving an automobile on a public road while intoxicated; punishment assessed at a fine of $50 and ten days in jail.

The indictment described the road upon which appellant was alleged to be driving an automobile while intoxicated as the road that runs in

and through Richards Park. Richards Park is a public place situated just west of the town of Brady. A public road leads from Brady toward the park; the road leading off from this highway runs into and through the park. This is the only road from the park to Brady.

At the time this offense was alleged to have been committed, July 4, 1929, a fair was in progress in the park. The evidence shows that there were some four to six thousand people in attendance. Appellant was seen driving an automobile on the public highway leading to the park and to drive from the highway on to the road through the park, when he was overtaken by the officers, who testified that he was in a staggery, drunken condition. Appellant denied, and introduced witnesses to corroborate him, that he was drunk or under the influence of intoxicating liquor at the time of his arrest or when he was driving the automobile.

Several contentions are made by appellant in regard to the road upon which he was alleged to have driven the automobile while in a state of intoxication, of which the principal objection is that it is not a public road within the contemplation of the law. Appellant's contention is that there are only two methods of establishing a public road, either by the commissioner's court establishing and laying out the same as a public road in the manner and mode provided by statute, or when not so established by the commissioner's court, then it cannot become a public road unless it becomes so by prescription, that is, by being used by the public for at least a period of ten years and also being recognized by the county as a public road for a period of not less than ten years.

The road described in the indictment was not proved to be a public road by being shown to have been established by the commissioner's court of McCulloch county in the manner provided under the statute for the establishment of a public road. In this case, the state evidently was unable to show from the record that the road upon which the appellant was alleged to have driven the automobile had been established by any order of the commissioner's court and was therefore forced to resort, in order to establish the character of the road being a public road, to other evidence.

It is well settled under the decisions of this court that a road may be shown to be a public road by other evidence than the production of the order of the commissioner's court establishing it as such. The undisputed evidence offered by the state showed that between three and four years prior to the 4th day of July, 1929, Richards Park was donated as a fair ground and that this road was opened up through the park, and that since that time it had been open to and used by the general public as a public road, and that for the same length of time the county commissioner's court, acting through the commissioner in whose precinct the road lay, had recognized it as one of the public roads of the county and had regularly worked the same as a public road for the county with county

employees, teams, and machinery, and had been so doing for more than three years. This was sufficient evidence to establish it as a public road prima facie under the decisions of this court. See Michel v. State, 12 Texas App., 108; Berry v. State, 12 Texas App., 249; Race v, State, 43 Texas Crim. Rep., 438, 66 S. W., 560; Jolley v. State, 19 Texas App., 76; Dyerle v. State (Texas Crim. App.), 68 S. W., 174; Ward v. State, 42 Texas Crim. Rep., 435, 60 S. W., 757; Johnson v. State, 31 S. W. (2d) 1084.

Appellant cites several civil cases in support of his contention upon this issue, but we do not deem it necessary to analyze or discuss said cases because the decisions of this court uniformly sustain the state's position that it was a public road under the undisputed facts proven. This disposes of appellant's bills of exception 2 and 3. Following Johnson v. State, 116 Texas Crim. Rep., 185, 31 S. W. (2d) 1084.

Appellant, by bill of exception No. 1, complains of the overruling by the court of his motion to quash the indictment in this case. Said motion to quash, besides being addressed as a whole to the indictment, especially moved to quash the second count in the indictment because same charges the defendant with being in a moderate degree under the influence of intoxicating liquor and as being too indefiinite and uncertain. The defendant also moved to quash the third count in the indictment, because the same charges the defendant with being in a degree under the influence of intoxicating liquor, for the same reasons set out in his motion to quash the second count in the indictment. The issue submitted to the jury was under the first count in the indictment which charged that the appellant in the county of McCulloch, State of Texas, did then and there unlawfully operate and drive a motor vehicle upon a certain public road, that runs in and through Richards Park situated within said county and state, while the defendant was intoxicated by the immoderate use of spirituous, vinous, malt, and intoxicating liquor.

Submission to the jury by the court of only the first count in the indictment is tantamount to an election by the state. The failure to submit the second and third counts eliminates them from the case, and the failure of the court to quash the second and third counts and the sufficiency thereof, we deem it unnecessary to discuss. See Moore v. State, 37 Texas Crim. Rep., 552, 40 S. W., 287; Muller v. State, 69 Texas Crim. Rep., 159, 153 S. W., 1142; Rowlett v. State, 78 Texas Crim. Rep., 257, 180 S. W., 1078; Shipp v. State, 81 Texas Crim. Rep., 328, 196 S. W., 840.

By bill of exception No. 4, appellant complains of the argument of the district attorney, in his closing argument to the jury, to the effect that if the jury found the defendant guilty, the governor could restore his citizenship if he thought he was entitled to it. Said bill does not show as a matter of fact that the argument complained of was not in

reply to that of appellant's counsel, but said bill as qualified by the trial judge shows that the argument was invited by the argument of appellant's counsel to the effect that they ought not to convict because defendant's citizenship would thereby be lost. Said qualifications was accepted without protest and as qualified discloses no reversible error. Adams v. State, 113 Texas Crim. Rep., 501, 21 S. W. (2d) 1057; Poteet v. State, 112 Texas Crim. Rep., 466, 17 S. W. (2d) 46; Cochran v. State, 112 Texas Crim. Rep., 390, 16 S. W. (2d) 1065; Richardson v. State, 99 Texas Crim. Rep., 514, 270 S. W., 854; Rainey v. State, 104 Texas Crim. Rep., 371, 283 S. W., 816.

By bill of exception No. 5, appellant complains of the action of the trial court in refusing to set aside the verdict and judgment in this case and grant a new trial for the reasons set out in his bills of exception. No other grounds are set up in said motion for new trial except those contained in appellant's bills of exception.

The evidence introduced by the state as to the accused being intoxicated, though controverted, is sufficient to support the verdict and the solution of that issue by the jury is binding upon this court.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews with insistence the contention that a public road cannot be created save by designation thereof by the commissioners court, or by prescriptive use for a period of ten years. There seems little objection to the proposition as applied in cases where property rights of individuals are involved, or where one is asserting title to land occupied by a road as against the public user thereof; but we are unwilling to commit this court to the general proposition that in all cases and under all circumstances a road can only become a public road in one of the ways mentioned, especially so where criminal laws are involved, the purpose of which is to secure the public safety in the use of such roads.

In Ruling Case Law, vol. 13, sec. 29, p. 39, is found the following statement: "The length of time necessary to raise a presumption of dedication from user depends on the circumstances of each particular case and no absolute rule can be laid down to govern it. It has been held that the user must continue for the period necessary to create title by prescription. But the general rule seems to be that it is the intention of the proprietor of the land, rather than the time of sufferance, which must determine the fact of dedication, and hence proof of user for a period much shorter than that required to show title by prescription may be sufficient. Such use,

however, ought to be for such a length of time that the public accommodation and private rights might be materially affected by an interruption of the enjoyment, and the length of time of the user is a fact for the jury to consider, as tending to prove an actual dedication and acceptance by the public."

The text appears to state not only a sound legal proposition but one which appeals to the common sense of the situation. Authorities are cited in the foot-notes which support the text.

The charge against appellant was that while drunk he drove an automobile upon a "certain public road that runs in and through Richards Park". Some three or four years prior to the alleged offense the park in question had been donated as a fair ground, and the road had been opened up through the park. Since that time it had been used by the general public as a public road. The commissioners court, through the commissioner in whose precinct the park, was located, had worked the road, with county employes, teams and machinery. No contest between the former owner of the park site claiming title to the property was involved. What was his purpose in donating the park? Clearly, that it should be used by the public, and they were using it at the very time of this offense. A fair was in progress there with an attendance estimated at between 4,000 and 6,000 people. Considering the intention of the donor of the park in connection with the user of it and the roads therein by the public for three years, and recognition of it by the county commissioners in working the road for that length of time, would seem ample to characterize the road as public, in contemplation of the statute involved in this prosecution and others hereafter referred to. There can be no doubt that the park was a public place. It is difficult in reason to give any other than public character to the roads in it.

In title 13, chapter 1, article 802, P. C., it is provided that any person who, while intoxicated, drives an automobile or other motor vehicle upon "any public road or highway," is guilty of an offense. It is plain that the purpose of the law was to protect the users of the road against the danger of vehicles piloted by drunken drivers. Suppose a public park to be situated outside the corporate limits of a city; that roads are established through it, and have been used by the public for more than ten years; that authorities controlling the park conclude the public use and convenience would be served by constructing a connecting road between the older ones; that it is constructed and opened to the public use. While the public was using the old roads they would be protected against "drunk driving", but if appellant's contention is sound, it would be ten years before the public would have any protection in the use of the new connecting road. If the illustration demonstrates the unsoundness of appellant's contention, why does it not apply to the road in Richards Park dedicated to the public, and accepted and used by it?

Our own statutes throw light upon the question. Article 6700, R. C. S., reads: "Fines collected for violations of any highway law as set forth in chapter 1 of title 13 of the Penal Code, shall be used by the municipality or the counties in which the same are assessed and to which the same are payable, in the construction and maintenance of roads, bridges and culverts therein, and for the enforcement of the traffic laws regulating the use of the public highways by motor vehicles and motorcycles, and to help defray the expense of county traffic officers."

It will be observed that the offense of which appellant is convicted is one of those embraced in chapter 1, title 13 of the Penal Code. Article 6700 is found in chapter 1, title 116, R. C. S., relating to state highways. In the same chapter and title, article 6701, section G, is found the following language: " 'Public Highway' shall include any road, street, way, thoroughfare or bridge in this State not privately owned or controlled, for use of vehicles, over which the State has legislative jurisdiction under its police power."

From this we think it clear that in the effort to protect the public against offenses such as is here being considered the Legislature in using the terms "public roads" and "highways" contemplated a broader meaning than the restricted one contended for by appellant.

The motion for rehearing is overruled.

*Overruled.*