RAYMOND KILLINGSWORTH *alias*
BUTCH KILLINGSWORTH V. STATE.

No. 25071. January 17, 1951.
Rehearing Denied March 14, 1951.

*Thos. W. Thompson,* and *E. T. Simmang, Sr.,* Giddings, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Rape is the offense; the punishment, five years in the penitentiary.

A former appeal of this case is reported in 154 Texas Crim. R. 223, 226 S. W. 2d 456. The facts are there sufficiently set forth and will not be here repeated.

A reversal of the conviction was there ordered by a divided court because the facts were found insufficient to show such resistance on the part of the prosecutrix as would authorize a conviction for rape by force.

As reflected by the majority opinion, one of the factors justifying that conclusion was that the prosecutrix could have escaped or fled from the truck, while appellant was walking around from the left to the right side of it, and made no effort to do so.

We note upon this trial that prosecutrix testified to the effect that appellant did not at any time prior to the time he got out of and walked around the truck threaten, advise, or tell her that he was going to engage in an act of intercourse with her. We quote from the cross-examination of the prosecutrix upon this point, as follows:

"He never did say what he was going to do. Well, he was trying to get me close to him; I don't know whether he was trying to have intercourse or what he was trying to do. I was hollering and crying. I didn't think he was trying to have intercourse with me; I didn't know what he was going to do."

This testimony is urged by the state as a reason why the prosecutrix did not leave the truck or make an effort to flee therefrom while appellant was walking around the truck. In this connection, it is submitted that if prosecutrix had no reason to believe appellant was going to forcibly rape her, no occasion was presented for her to flee from his presence because of a belief that such an assault was about to be made upon her. In other words, unless and until prosecutrix believed or had reason to believe that appellant intended to forcibly have intercourse with her, no occasion or reason would present itself for prosecutrix to flee from appellant to avoid any such an attack.

In the light of this testimony, we are not in position to say that the jury was not authorized to conclude that the effort prosecutrix put forth was reasonably sufficient to prevent the assault, taking into consideration the circumstances and the relative size and strength of the parties.

We are constrained to conclude that the jury was warranted in the conclusion it reached and this court would not be justified in setting aside that conclusion.

Bills of exception appear complaining of the receipt of testimony. These bills are subject to the objection that they are multifarious and that, from them, it is impossible to determine at what testimony the purported objection was levelled.

The state's motion in challenging consideration of the bills of exception for the reason stated is well taken.

Appellant complains of the failure of the trial court to grant a continuance because of the absence of and for the want of the testimony of the wife of appellant. The witness was under process of the court. Her absence was occasioned by chronic ill-health and physical inability to attend court. The case had been once before continued because of that condition. The application for a continuance was a second application.

The affidavit of the absent witness attesting the fact that she would testify, as alleged in the motion, was not attached to the motion for a new trial.

Under the facts here presented, in view of the chronic illness of his wife and the possibility of her never being able to attend court and testify in person, appellant should have taken her deposition. Rainey v. State, 104 Tex. Cr. R. 371, 283 S. W. 816.

We are unable to reach the conclusion that the trial court abused his discretion in overruling the motion for a new trial based upon the overruling of the motion for a continuance.

The special requested charges which were refused have been examined and are overruled without discussion.

No reversible error appearing, the judgment of the trial court is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

In his motion for rehearing supported by argument and brief of his able counsel, the contention is reurged that the evidence is insufficient to sustain the conviction.

It is further earnestly argued that even if sufficient under the general rule, the evidence is of such an unbelievable nature in regard to nonconsent that this case should be an exception to the rule permitting a conviction for rape on the uncorroborated testimony of the prosecutrix.

As pointed out in our original opinion the facts, as developed

514

on the former trial, were held to be insufficient, one factor suggested being that the prosecutrix could have escaped or fled from the truck while appellant was walking around from the left to the right door of it.

In the light of this suggestion, we said that under the record on the present trial the evidence would support a finding that prosecutrix, at such time, had no reason to believe that appellant intended to forcibly rape her and therefore no occasion was presented for her to attempt to flee.

Appellant insists that the evidence shows that prosecutrix was in fact forewarned of appellant's intention to have intercourse with her by his acts and conduct before he got out of the truck. Even so, unless prosecutrix believed that he intended to accomplish his purpose by force and over her resistance, her failure to then flee from the truck into the night would not militate against her claim that she resisted his advances by every means within her power.

Remaining convinced that there is sufficient evidence upon which the jury may have rested their verdict, we are not authorized to disturb their findings.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.